KELM, APPELLEE, *v.* HESS, APPELLANT.

(No. 82AP-760—Decided
February 8, 1983.)

*Messrs. Schwartz, Shapiro, Kelm &
Warren, Mr. Russell A. Kelm* and *Mr.
Harry A. Goussettis,* for appellee Russell
A. Kelm.

*Mr. Isiah Daniels III* and *Mr. Kurt A.
Kindle,* for appellant Barbara Hess.

NORRIS, J. In oral argument, it was agreed by the parties that the trial court's judgment had been paid and satisfied in full. Where a final judgment orders the payment of money, and the order is not stayed but instead complied with by voluntary payment of the amount ordered, an appeal from the order will be dismissed as moot since reversal of the order would be ineffectual in affording any relief to the appellant. *In re Appropriation for Highway Purposes* (1959), 169 Ohio St. 314, 316 [8 O.O.2d 315]; *State, ex rel. Smith,* v. *Baker* (1954), 160 Ohio St. 526 [52 O.O. 389]; *Lynch* v. *Bd. of Edn.* (1927), 116 Ohio St. 361, paragraph three of the syllabus; see, also, *Favret Co.* v. *West* (1970), 21 Ohio App.2d 38.

Although appellant apparently paid the judgment under threat of garnishment, a pending garnishment would not render payment involuntary, in view of appellant's entitlement to a stay of the trial court's judgment as a matter of right, upon giving adequate bond. *State, ex rel. Ocasek,* v. *Riley* (1978), 54 Ohio St.2d 488, 490 [8 O.O.3d 466]. Since appellant was in a financial position to pay the judgment, she undoubtedly would have been able to give an adequate appeal bond.

The questions raised by the appeal being moot, the appeal is dismissed.

*Appeal dismissed.*

REILLY and McCORMAC, JJ., concur.