DECISION
The Shelving Company ("Shelving") and Thomas Dement, defendants-appellants, appeal a judgment of the Franklin County Court of Common Pleas denying their motion to vacate the judgment rendered in favor of plaintiff-appellee, The Huntington National Bank ("Huntington").
On February 28, 1997, Shelving executed and delivered to Huntington a "Revolving Note — Business Purpose" in the amount of $45,000. On September 11, 1997, Shelving executed and delivered to Huntington a "Commercial Loan Note — Business Purpose" in the amount of $15,000. The notes included warrants of attorney, which granted Huntington the right to obtain cognovit judgments against Shelving in case of default. At the same time the notes were executed, Dement executed and delivered to Huntington a "Continuing Guaranty Unlimited," which guaranteed the obligations of Shelving with regard to the two notes. The guaranty also contained a warrant of attorney. Both promissory notes and the guaranty were executed in Montgomery County, Ohio. By early 1998, both of the notes were in default because Shelving and Dement failed to make payments.
On January 21, 1999, Huntington filed a complaint in the Franklin County Court of Common Pleas seeking judgment against Shelving and Dement on both notes and the guaranty. The trial court granted judgment to Huntington pursuant to the warrants of attorney contained in the instruments and ordered appellants to pay Huntington $64,801.06. Huntington filed certificates of judgment lien with the Franklin County Clerk of Courts and the Montgomery County Clerk of Courts.
In April 1999, Shelving paid the judgment in full. On May 7, 1999, Huntington filed a release of judgment lien with the Franklin County Clerk of Courts. On May 10, 1999, Huntington filed a similar release of judgment lien with the Montgomery County Clerk of Courts releasing the certificate of judgment filed in that county.
On May 10, 1999, appellants filed a motion for relief from the January 21, 1999 judgment pursuant to Civ.R. 60(B)(3) and (5), arguing that the judgment was void for lack of subject matter jurisdiction. Appellants claimed that the judgment rendered by the Franklin County Common Pleas Court was void because jurisdiction was proper only in Montgomery County where the notes and guaranty were executed and where appellants resided. On June 23, 1999, the trial court denied appellants' motion for relief from judgment. The trial court found that appellants' payment to Huntington was a voluntary satisfaction of judgment. Further, the trial court found that upon Huntington's filing of the release of judgment lien, the underlying judgment was dissolved and could not be vacated. Appellants appeal the trial court's June 23, 1999 judgment, asserting the following assignment of error:
 THE TRIAL COURT ERRED IN DENYING DEFENDANTS' MOTION TO VACATE JUDGMENT.
Appellants argue that the trial court erred in denying its motion for relief from judgment pursuant to Civ.R. 60(B)(3) and (5). We first note that appellants' motion for relief from judgment pursuant to Civ.R. 60(B) was based upon the argument that the judgment was void due to lack of subject matter jurisdiction. However, because a judgment rendered by a court lacking subject matter jurisdiction is void ab initio, the authority to vacate a void judgment is not derived from Civ.R. 60(B) but, rather, constitutes an inherent power possessed by Ohio courts. See Staff Notes to Civ.R. 60(B); Westmoreland v. Valley Homes Corp. (1975),42 Ohio St.2d 291, 294; Lincoln Tavern, Inc. v. Snader (1956),165 Ohio St. 61, paragraph one of the syllabus. Because Civ.R. 60(B) requirements do not apply to challenges of void judgments, appellants utilized the improper procedural method to challenge the trial court's judgment. Nevertheless, pursuant to our own authority to vacate void judgments, this court may consider appellants' motion as one to set aside a void judgment and will review the judgment accordingly. See Internatl. Lottery, Inc. v.Kerouac (1995), 102 Ohio App.3d 660, 671 (if a judgment is void, it is incumbent upon the appellate court in the exercise of its inherent power to set aside the judgment). See, also,Westmoreland, supra, at 294.
However, we do not reach the merits of whether the judgment was void for proper jurisdiction. "It is a well-established principle of law that a satisfaction of judgment renders an appeal from that judgment moot." Blodgett v. Blodgett
(1990), 49 Ohio St.3d 243, 245; see, also, Kelm v. Hess (1983),8 Ohio App.3d 448; Favret Co. v. West (1970), 21 Ohio App.2d 38, 40. This rule of law is based upon the premise that once an order has been satisfied, the reversal of that order generally affords no real relief. Ameritrust v. Rucker (July 2, 1986), Cuyahoga App. No. 50775, unreported.
In Ameritrust, the Cuyahoga County Court of Appeals upheld the trial court's denial of the defendant's motion to vacate a judgment, which was based upon the claim that the judgment was void for lack of personal jurisdiction. The appellate court found that the trial court was not required to hold a hearing to determine whether the judgment was void because the defendant had already satisfied the judgment and could be afforded no relief upon reversal. Although the defendant argued that the discharged judgment would adversely affect her credit, she provided no evidentiary material to demonstrate how the discharged judgment would have that effect or how an order vacating the discharged judgment would have changed that situation. Thus, the court found that absent such evidentiary materials, the trial court did not err by denying defendant's motion to vacate the judgment.
In the present case, appellants have already paid the judgment they now seek to vacate, and they present no argument that the payment was anything other than voluntarily made. Further, appellants present no compelling reason as to what relief could be afforded if this court were to vacate the judgment. Appellants concede that they are not requesting a refund of the money they paid to appellee and are not requesting that the issues be reheard by the trial court. Rather, appellants assert that they "are entitled to have this false statement removed from the records of the State of Ohio." However, as in Ameritrust, appellants failed to provide any evidentiary material to demonstrate how the discharged judgment would affect them or how an order vacating the judgment would improve their position and status, either individually or as a corporation. In fact, less compelling than the circumstances in Ameritrust, appellants do not claim or present any explanation as to precisely how the satisfied judgment in the trial court would adversely affect them in the future. We also note that although appellants argue that the judgment is still of record with the Franklin County Clerk of Courts because appellee has not filed a satisfaction of judgment, the record reveals that a satisfaction of judgment has now been filed, thereby eliminating any concern regarding the issue.
In Kelm, supra, we held that "[w]here final judgment ordered the payment of money, and the order was not stayed but, instead, complied with by voluntary payment of the amount ordered, an appeal from the order would be dismissed as moot, since reversal of the order would be ineffectual in affording any relief to appellant." Id. at paragraph one of the syllabus. In the present case, as in Kelm, appellants voluntarily complied with the payment ordered by the trial court. Likewise, reversal of the trial court's order would afford no relief to appellants, and the appeal must be dismissed as moot.
Accordingly, because the questions raised by the appeal are moot, the appeal is dismissed.
Appeal dismissed.
 ________________________ BROWN, J.
BOWMAN, P.J., and DESHLER, J. concur.