EARLEY et al., Appellees,

v.

MANSFIELD et al., Appellants.

[Cite as *Earley v. Mansfield,* 152 Ohio App.3d 448, 2003-Ohio-1887.]

Court of Appeals of Ohio,
Seventh District, Monroe County.

No. 02 MO 7.

Decided April 7, 2003.

William Burton, for appellees.

Allan Sherry, for appellants.

VUKOVICH, Judge.

{¶ 1}  Defendants-appellants, William Mansfield et al., appeal from the judgment of the Monroe County Common Pleas Court ordering them to reimburse plaintiffs-appellees David Earley et al. $6,010 paid in connection with a prior lawsuit.  The ultimate question presented for this court to review is whether Earley was required to raise the issue of unjust enrichment during the prior proceedings against Mansfield.  For the reasons stated below, the judgment of the trial court is affirmed.

## STATEMENT OF THE CASE

{¶ 2} In preparation to sell some property in Monroe County, Mansfield hired a surveyor. After the surveyor began his work, Earley informed him that a small portion of the land being surveyed belonged to him. Additionally, Earley filed a deed of correction to add the disputed land to his holdings.

{¶ 3} Mansfield filed a complaint against Earley requesting an order to quiet title, a court order canceling Earley's deed of correction, an injunction, costs, and other relief. Earley answered and counterclaimed, stating that he owned the land in question. The case proceeded to a two-day trial. On the first day, Mansfield presented a witness and evidence of $4,300 for the cost of a surveyor. The matter was then continued to the next day. On that day, Earley was late entering the courtroom, whereupon the trial court entered a default judgment against him. Mansfield filed a motion for attorney fees. The trial court ordered Earley to pay a total of $6,010: $1,700 in attorney fees and $4,300 in survey costs. Earley moved for relief from default judgment, which was denied by the trial court. Subsequently, a precipe for execution was issued against Earley for the $6,010 judgment. Upon hearing about an order to impound his truck, Earley tried to pay the judgment to the clerk of courts. The clerk of courts informed Earley to pay Mansfield's counsel. Earley paid Mansfield's counsel the full amount of $6,010. Five days later, Earley appealed from the trial court's denial of his motion to vacate default judgment.

{¶ 4} We reversed and remanded the case with an instruction to allow Earley to continue presenting his defense. *Mansfield v. Earley* (Feb. 2, 1999), 7th Dist. No. 793, 1999 WL 61579. Upon resumption of the matter, due in part to the passage of two years since the original trial began, the trial court granted Earley's request for the trial to begin anew. At the completion of the trial, the deed of correction was declared void, and Earley was enjoined from using the property. Earley appealed from the judgment. We affirmed the trial court's holding.

{¶ 5} Earley then filed with the trial court a motion for post-judgment relief. Specifically, he stated that after the trial was remanded and retried in its entirety, no money damages were discussed, nor was evidence put into the record regarding money damages. Thus, Earley moved the trial court to order Mansfield to reimburse Earley the $6,010 previously paid. The trial court denied the motion on the ground of lack of jurisdiction. Earley did not appeal this order.

{¶ 6} On November 1, 2001, Earley filed the suit against Mansfield, which is the subject of this appeal in which he claimed that Mansfield was unjustly enriched by the retention of the $6,010 paid in the first suit, and which sought repayment in full. Mansfield moved to have the case dismissed under the theory

of res judicata and moved for summary judgment pursuant to the same reasoning. The motions were denied. The trial court entered a judgment in favor of Earley. Mansfield timely appealed from this holding.

## ASSIGNMENT OF ERROR NO. ONE

{¶ 7} Mansfield raises three assignments of error, the first of which contends:

{¶ 8} "The trial court failed to follow the mandate of this appellate court on reversal and remand which caused prejudicial error to appellant."

{¶ 9} We remanded the original case after the first appeal, instructing the trial court to "set aside the default judgment and allow [Earley] to continue presenting his defense." *Mansfield v. Earley* (Feb. 2, 1999), 7th Dist. No. 793, 1999 WL 61579. Upon remand, the trial court granted Earley's request for the case to be retried in its entirety upon the ground that "[t]he Court of Appeals did not direct the trial court that the matter was affirmed in part, as to the monetary award and reversed and remanded on the issue of the boundary line. Those instructions, or lack thereof, from the Court of Appeals can only mean a trial de novo."

{¶ 10} We agree with that conclusion of the trial court. Our prior order and opinion cannot be seen as limiting the ability of the trial court to start the trial anew. The trial court was in the best position to determine how to conduct the trial on remand, especially due to the two-year lapse of time since the court last took evidence. Furthermore, Mansfield did not file a cross-appeal or raise cross-assignments of error in Earley's appeal of the outcome of the second trial. As will be explained in greater detail in the third assignment of error, after the completion of the second trial, the trial court did not order monetary damages, despite Mansfield's request. Therefore, Mansfield could have appealed from the trial court's failure to award damages. If a cross-appeal was filed during the second appeal, the issue of retrying the case in its entirety could have been validly addressed. This assignment of error claims prejudice as a result of alleged acts in a prior suit that could have been raised in an earlier appeal. Accordingly, Mansfield waived this issue from our examination due to his actions or lack thereof in the prior appeal. This assignment of error lacks merit.

## ASSIGNMENT OF ERROR NO. TWO

{¶ 11} "When a money judgment is voluntarily paid prior to any appeal the issue of payment is moot and an appeal on that issue should be dismissed as moot."

{¶ 12}  Earley paid the default judgment in full on April 18, 1997, and did not file the first appeal of this case until five days later.  During the first appeal, Mansfield moved this court to dismiss the appeal.  The reasoning behind this motion was that Earley did not file a timely notice of appeal from the default judgment entry and because the appeal was allegedly moot because Earley had voluntarily paid the judgment prior to filing the appeal.  Courts have held that when a final judgment orders the payment of money and the order is not stayed but is voluntarily paid in full, any subsequent appeal from that judgment is moot because a reversal would not afford the appellant any relief.  *Kelm v. Hess* (1983), 8 Ohio App.3d 448, 8 OBR 572, 457 N.E.2d 911, paragraph one of the syllabus; *Huntington Natl. Bank v. Shelving Co.* (Apr. 6, 2000), 10th Dist. No. 99AP–805, 2000 WL 350516.  Thus, in Mansfield's opinion, the appeal was moot.  Earley argued that the notice of appeal was timely and that the appeal was not moot because the judgment was involuntarily paid.

{¶ 13}  In our June 20, 1997 journal entry, we affirmed Mansfield's motion in part and overruled it in part.  We held that Mansfield was correct that a timely notice of appeal from the default judgment order was not filed.  However, we stated that a timely notice of appeal was filed from the trial court's denial of the motion for relief from the default judgment.  We did not specifically rule on the issue of whether the appeal was moot due to payment of the judgment.

{¶ 14}  Nevertheless, our previous decision implicitly denied Mansfield's request to dismiss the appeal based on mootness due to payment.  If we had agreed with Mansfield's argument that the judgment was voluntarily paid, the issue of whether the notice of appeal was timely filed would have been secondary.  However, we focused on the timeliness issue.  The timeliness of the notice of appeal would have been inconsequential if the appeal had been moot due to voluntary payment of the judgment.  *Blodgett v. Blodgett* (1990), 49 Ohio St.3d 243, 245, 551 N.E.2d 1249 (stating that payment puts an end to the controversy and takes away the right to appeal).  Therefore, the rule of the law of the case applies.  As we previously declined to rule the appeal moot due to payment, it would be unjust to hold that way now.  This is not the proper forum to consider possible errors committed in a previous case.  If Mansfield et al. believed that our previous decision was incorrect, they could have argued it in their appellate briefs to this court, which they did not.  Moreover, they could have raised the issue to the Ohio Supreme Court for review.  Accordingly, this assignment of error lacks merit.

## ASSIGNMENT OF ERROR NO. THREE

{¶ 15}  "Appellees' claim is barred by the doctrine of waiver and estoppel and is res judicata."

{¶ 16} Mansfield contends that Earley is attempting to relitigate the subject of the original lawsuit via a new claim. Mansfield states that the issue of returning the paid judgment should have been raised in a counterclaim prior to the second trial or during a previous appeal. Because Earley failed to pursue either of those avenues, Mansfield contends that Earley failed to exhaust his legal remedies. Therefore, it is Mansfield's view that the trial court incorrectly allowed Earley to proceed on the unjust-enrichment claim, the current action.

{¶ 17} The unusual facts in this case negate a ready response based on case law. From our review of Ohio case law, courts have not dealt with this exact issue because the usual procedure is to post a bond while the appeal is pending rather than paying the judgment in full. However, the usual procedure did not occur in this case. Therefore, we will review the content of the retrial and the appeals to determine whether Earley's claim for return of the paid but voided judgment is barred by res judicata.

{¶ 18} Earley was not required to counterclaim for the paid judgment at the second trial. Only claims existing between opposing parties that arise out of the same transaction or occurrence must be litigated in a single lawsuit. Civ.R. 13(A). The judgment entered in the first trial, which resulted in a default judgment, did not arise out of the same transaction or occurrence as the allegations raised in the initial complaint or answer and counterclaim. It was the second day of trial when the trial court ordered default judgment. A few days later, it ordered $6,010 to be paid for surveyor fees and attorney fees and denied Earley's motion to vacate the default judgment. On appeal, we reversed the trial court's judgment and ordered vacation of the default judgment. It was not until after all of these occurrences that the issue of reimbursement for payment of a void judgment arose. Furthermore, it was not until the completion of the second trial and second appeal that it became clear that no monetary judgment would be issued in favor of Mansfield. As such, the issue of reimbursement of the paid judgment was not required to be raised as a compulsory counterclaim.

{¶ 19} Furthermore, the issue could not have been raised in the appeal of the retrial. Prior to retrial, the trial court granted Earley's request that the case be retried in full. Therefore, any evidence and testimony that was introduced in the first trial was required to be reintroduced and admitted in the retrial. At the retrial, Mansfield introduced an exhibit into evidence that was a bill for $4,300 in surveyor's costs. The trial court admitted the exhibit into evidence. However, no testimony was offered in connection with this exhibit other than to identify it.

{¶ 20} At the end of trial, the trial court held that Mansfield owned the land in dispute and Earley was enjoined from exerting ownership over the land. Yet, the trial court did not issue an order as to surveyor fees or attorney fees. In fact, no motion was made to the court showing how many hours Mansfield's

attorney expended on the case. Earley appealed from the trial court's decision as to the ownership of the land to our court, but he could not appeal from the issue of returning the paid judgment because a money judgment was not ordered by the trial court in that case. Ordinarily, an appellate court will not consider issues that were not previously raised to the trial court. *State ex rel. Quarto Mining Co. v. Foreman* (1997), 79 Ohio St.3d 78, 81, 679 N.E.2d 706, quoting *Goldberg v. Indus. Comm.* (1936), 131 Ohio St. 399, 404, 6 O.O. 108, 3 N.E.2d 364. Similarly, we cannot order the return of money that was not ordered paid by the trial court in the case giving rise to the appeal. Therefore, the issue of returning the paid judgment could not have been properly raised during the second appeal.

{¶ 21} After the second appeal was completed, Earley did file a motion entitled "Motion for Post–Judgment Relief." The motion requested the reimbursement of the $6,010 paid after the issuance of the default judgment because the trial court never issued a valid order for payment of surveyor's costs and attorney fees. The trial court held that it lacked jurisdiction to decide this issue. Earley did not appeal from that denial but instead initiated the current cause of action.

{¶ 22} Two types of post-judgment motions exist. The first is a motion for a new trial under Civ.R. 59. Clearly, the motion Earley filed was not a motion for a new trial. The second type of post-judgment motion is dictated by Civ.R. 60, entitled "Relief from Judgment." Earley's motion was not requesting relief from the judgment of that case. Instead, the motion requested enforcement of this court's previous order vacating the default judgment and the trial court's later order that awarded no monetary damages. Therefore, Earley's motion fits into neither of the available types of post-judgment relief motions. Thus, the court correctly stated that it lacked jurisdiction to rule on the nonconforming motion. Accordingly, Earley was not required to appeal from the court's refusal to rule favorably on his motion.

{¶ 23} Rather, Earley was permitted to seek reimbursement of the paid judgment through a new complaint alleging unjust enrichment. It must be remembered that the default judgment, which resulted in Earley's paying $6,010 to Mansfield, was vacated by this court. On remand and retrial, no damages were awarded to Mansfield, and Mansfield did not appeal the lack of damages. Because no damages were awarded to Mansfield, he was unjustly enriched by the failure to return the voided judgment. Accordingly, the trial court ordered Mansfield to repay Earley the $6,010 vacated judgment. We note that in the second trial addressing the issues of boundary lines and monetary damages, it was Mansfield's burden as the plaintiff to prove that he was entitled to the monetary damages he sought. At the conclusion of this trial, the trial court did not issue an order for monetary damages. Whether this omission by the trial

court was a mistake or it was the trial court's decision that Mansfield did not meet his burden of proof is not a question we can answer in this appeal. If Mansfield was not satisfied with the conclusion reached by the second trial, he could have appealed. Because he did not, the order of the second trial stands. In the interests of equity and justice, since no enforceable monetary judgment award was issued against Earley, we affirm the trial court's holding. This assignment of error thus lacks merit.

{¶ 24} For the foregoing reasons, the judgment of the trial court is hereby affirmed.

Judgment affirmed.

WAITE, P.J., and DeGENARO, J., concur.