OPINION
{¶ 1} Defendant-appellant, Mary G. Baum, appeals from the September 25, 2003 judgment entry of the Franklin County Municipal Court overruling her "Motion for Relief from Judgment."
 {¶ 2} On April 25, 2001, plaintiff-appellee, Kevin O'Brien 
Associates Co., L.P.A., filed a complaint against appellant for breach of contract. Appellee alleged that appellant owed him a balance of $6,300 for legal services rendered. According to appellee, he attempted to collect the balance due on the account, but appellant refused to render payment.
 {¶ 3} On April 30, 2001, service was attempted by certified mail, but returned marked "unclaimed." Ordinary mail service was also attempted, but was returned on May 23, 2001, with the notation, "not a resident." On June 1, 2001, certified mail was once again attempted but returned unclaimed. Subsequent ordinary mail was attempted, but also returned. On July 30, 2001, service was issued through the Licking County Sheriff's Office. The sheriff's office was unable to serve appellant. On August 28, 2001, express mail service was attempted, but was returned on September 11, 2001 marked "refused." On October 26, 2001, ordinary mail was issued, but returned.
 {¶ 4} On November 26, 2001, appellee filed a motion for default judgment in the amount of $6,300. The trial court granted appellee's motion. On December 4, 2001, a lien was attached on appellant's Licking County property. Appellant sold her house and, on August 1, 2003, appellee received a check for $6,300 from the proceeds of the sale. On August 4, 2003, appellee filed a satisfaction of judgment and released the lien on appellant's property.
 {¶ 5} On August 13, 2003, appellant filed a motion to vacate judgment pursuant to Civ.R. 60(B), alleging lack of service of process and want of personal jurisdiction. The trial court conducted a hearing and, on September 25, 2003, the court overruled appellant's motion finding that appellant did not satisfy all three requirements set forth in GTE AutomaticElectric, Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146. It is from this entry that appellant appeals, assigning the following as error:
The trial court erred to the prejudice of the appellant by applying a higher standard of review than allowed by applicable law to a motion to vacate judgment where it is claimed that the trial court lacked personal jurisdiction to enter default judgment.
 {¶ 6} Appellant argues that the trial court erred in denying her motion for relief from judgment pursuant to Civ.R. 60(B). However, we do not reach the issue of whether the judgment was void based on the trial court's lack of personal jurisdiction due to lack of proper service. Instead, we must address the issue of satisfaction of judgment. We note that on October 31, 2003, appellee filed a supplemental motion to dismiss the appeal, arguing the appeal is moot based on appellant's satisfaction of the judgment. Appellant, in her memorandum contra appellee's supplemental motion to dismiss, has failed to address appellee's mootness arguments related to the satisfaction of judgment.
 {¶ 7} It is a well-established rule that a satisfaction of judgment renders an appeal from such judgment moot. Bob KrihwanPontiac-GMC Truck, Inc. v. Gen. Motors Corp. (2001),145 Ohio App.3d 671, citing Blodgett v. Blodgett (1990),49 Ohio St.3d 243, 245. Where the trial court rendering judgment has jurisdiction of the subject matter of the action and of the parties, and where fraud has not intervened, and the judgment is voluntarily paid and satisfied, payment puts an end to the controversy and takes away from the defendant the right to appeal or prosecute error or even to move for vacation of judgment. Inre Appropriation for Highway Purposes: Rauch v. Noble (1959),169 Ohio St. 314, 316, quoting Lynch v. Lakewood City SchoolDist. Bd. of Edn. (1927), 116 Ohio St. 361, paragraph three of the syllabus.
 {¶ 8} Courts have stated that a party is deemed to have acted voluntarily in satisfying a judgment when the party fails to seek a stay order prior to the judgment being satisfied. See Hagoodv. Gail (1995), 105 Ohio App.3d 780, 790, discretionary appeal not allowed (1996), 74 Ohio St.3d 1499; Harbourtown Properties,Inc. v. Citizens Fed. Bank (Nov. 10, 1997), Franklin App. No 97APE03-328, citing Kelm v. Hess (1983), 8 Ohio App.3d 448;LaFarciola v. Elbert (Dec. 8, 1999), Lorain App. No. 98CA007134, discretionary appeal not allowed (2000),88 Ohio St.3d 1492. Once an order has been satisfied, the reversal of that order generally affords no real relief. Ameritrust v.Rucker (July 2, 1986), Cuyahoga App. No. 50775. When "the nonappealing party is successful in obtaining satisfaction of the judgment, the appeal must be dismissed because the issues raised in the appeal have become moot." Hagood, at 785.
 {¶ 9} In Ameritrust, the Cuyahoga County Court of Appeals upheld the trial court's denial of the defendant's motion to vacate a judgment, which was based upon the claim that the judgment was void for lack of personal jurisdiction. The appellate court found that the trial court was not required to hold a hearing to determine whether the judgment was void because the defendant had already satisfied the judgment and could be afforded no relief upon reversal.
 {¶ 10} In the case at bar, appellant failed to obtain a stay of execution. Appellant also failed to present any evidence that the payment was anything other than voluntarily made. "Where a final judgment orders the payment of money, and the order is not stayed but, instead, complied with by voluntary payment of the amount ordered, an appeal from the order would be dismissed as moot since reversal of that order would be ineffectual in affording any relief to the appellant." Kelm, at paragraph one of the syllabus. As the nonappealing party, appellee has successfully obtained a satisfaction of judgment. Thus, an appeal of that judgment is now moot.
 {¶ 11} For the foregoing reasons, we conclude that an appeal of the satisfied judgment is moot. As such, we will not consider appellant's assignment of error. The judgment of the Franklin County Municipal Court is affirmed.
Judgment affirmed.
Petree and Brown, JJ., concur.