{¶ 7} For the reasons that follow, I must dissent from the majority in this matter.
 {¶ 8} I cannot accept the proposition that in all cases the payment of a judgment renders the matter in controversy moot for all purposes. The Seventh District Court of Appeals answered the question most succinctly when it stated that "a rule that payment ipso facto constitutes abandonment of the right to appeal would benefit nobody."[1]
 {¶ 9} The court went on to reason that there are any number of legitimate reasons a debtor may rely upon to first pay a debt, and then contest the propriety of the debt itself. As stated by the court:
 {¶ 10} "One can easily presume several reasons why a defendant may prefer to pay a judgment rather than seek a stay or await execution. Commercial interest might be cheaper than legal interest. A judgment lien filed in a county attaches to all real property in that county and makes all of it unmarketable, or at least not mortgageable. In these days of the credit crunch, a defendant may prefer to pay a judgment rather than have to answer `yes' to the standard credit and employment application form question: Do you have outstanding judgments against you? The decision in Kelm v. Hess,[2] which suggests that a stay and bond are just as good, misses this point entirely.
 {¶ 11} "We may be absolutely wrong, but believe we are in accord withLynch and Rauch,[3] because a rule that payment ipso facto constitutes abandonment of the right to appeal would benefit nobody. It will not cut down on appeals because counsel will prevent clients from paying judgments and always move for a stay. It does not benefit the trial courts, because it adds the extra step of execution or stay which the defendant must resort to even if he would pay the judgment now. It does not benefit the defendant who ordinarily would seek a stay, and who would pay the judgment before the appeal was decided only if he had a very good reason for doing so. Finally, it does not benefit the plaintiff who won at trial, and who one way or another must wait to collect on his judgment. We feel confident we are on solid ground in holding that the Supreme Court did not intend to adopt a rule which benefits nobody."[4]
 {¶ 12} Regarding the instant appeal, the only pleading filed by appellee is the motion to dismiss and requesting attorney fees. The text of this pleading is just over one page in length. The majority has held in "abeyance" the question of attorney fees. It is certainly possible that there will be more time spent in determining the issue of attorney fees than was spent on the entire defense of this appeal. The practical effect of awarding attorney fees would be to "punish" appellant, and I cannot agree with that concept.
 {¶ 13} Finally, I note that appellant has not filed a brief in this matter. Therefore, I would dismiss this matter for appellant's failure to prosecute the appeal and, since the merits of the case would not be reached, deny appellee's request for attorney fees.
[1] Federal Land Bank of Louisville v. Wilcox (1991),74 Ohio App.3d 474, 477-478.
[2] Kelm v. Hess (1983), 8 Ohio App.3d 448.
[3] Lynch v. Lakewood City Bd. of Edn. (1927), 116 Ohio St. 361; Rauchv. Noble (1959), 169 Ohio St. 314.
[4] Federal Land Bank of Louisville v. Wilcox,74 Ohio App.3d at 477-478.