[Cite as *Taylor v. Johnson*, 2019-Ohio-2132.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| DEEANN TAYLOR | : | |
| Plaintiff-Appellant | : | Appellate Case No. 28242 |
| v. | : | Trial Court Case No. 2018-CVF-1014 |
| JOEL JOHNSON | : | (Civil Appeal from Municipal Court) |
| Defendant-Appellee | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 31st day of May, 2019.

. . . . . . . . . . .

STEVEN D. STRAIN, Atty. Reg. No. 0093884, 1563 East Dorothy Lane, Suite 204, Kettering, Ohio 45429
        Attorney for Plaintiff-Appellant

JENNIFER BOCK, Atty. Reg. No. 0090153, 3271 Streamview Court, Bellbrook, Ohio 45305
        Attorney for Defendant-Appellee

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Plaintiff-appellant, DeeAnn Taylor, filed a complaint asserting that Defendant-appellee, Joel Johnson, Taylor's landlord, had improperly failed to refund a security deposit. Johnson filed an answer and counterclaim. The trial court granted summary judgment in favor of Johnson regarding the complaint and counterclaim. Taylor, instead of seeking and posting an adequate supersedeas bond, paid the judgment. This action has rendered Taylor's appeal moot. The appeal, accordingly, will be dismissed.

**Facts**

{¶ 2} Taylor and Johnson entered into a one-year residential lease agreement in July 2013. After the expiration of the one-year lease period, Taylor remained in the rental home under a month-to-month lease agreement. In April 2018, Johnson gave Taylor notice that the month-to-month lease agreement was being terminated. The notice demanded that Taylor vacate the home by May 27, 2018. Taylor moved as demanded.

{¶ 3} On July 20, 2018, Taylor filed a pro se complaint against Johnson in the small claims division of the Montgomery County Municipal Court, Western Division. The complaint asserted that she did not receive a full 30 days to move from the home, that Johnson failed to return the security deposit, and that she was inappropriately assessed an unspecified amount for damage to the property. Taylor demanded judgment in the amount of $535. This amount, it seems, represented the then existing security deposit.

{¶ 4} Johnson filed an answer and counterclaim. The counterclaim asserted that Taylor was responsible for damages to the home in the amount of $5,249.39. The case

was transferred from the small claims division to the court's regular civil docket. Soon thereafter, Taylor's counsel filed a notice of appearance.

{¶ 5} Johnson filed a motion seeking summary judgment. After the issue was fully briefed, the trial court sustained the motion, granting Johnson judgment in the amount of $5,085.44. The judgment related to issues raised in Taylor's complaint and Johnson's counterclaim, and it took into account the posted security deposit. This appeal followed.

{¶ 6} Taylor took no action under Civ.R. 62 to obtain a stay of execution, and Johnson initiated a wage garnishment proceeding against Taylor. After her wages were garnished on one occasion, Taylor fully paid the remaining judgment amount. Johnson then filed a motion to dismiss Taylor's appeal. We provisionally overruled the motion, ordered the parties to address the mootness issue in their respective briefs, and stated the issue would be "decided after a full review of the record."

**Analysis**

{¶ 7} Since the issue is dispositive, we will confine our analysis to the issue of mootness. Civ.R. 62(B) states the following:

> When an appeal is taken the appellant may obtain a stay of execution of a judgment or any proceedings to enforce a judgment by giving an adequate supersedeas bond. The bond may be given at or after the time of filing the notice of appeal. The stay is effective when the supersedeas bond is approved by the court.

Thus, "an appellant is entitled, as a matter of law, to a stay of execution pending appeal, provided the appellant posts the supersedeas bond in the amount established by the trial

court." *Lafarciola v. Elbert*, 9th Dist. Lorain No. 98CA7134, 1999 WL 1215115, *2, citing *State ex rel. Ocasek v. Riley*, 54 Ohio St.2d 488, 490, 377 N.E.2d 792 (1978); *Hagood v. Gail*, 105 Ohio App.3d 780, 785, 664 N.E.2d 1373 (11th Dist.1995).

{¶ 8} An appellant's voluntary payment of a valid judgment renders a pending appeal moot. *Blodgett v. Blodgett*, 49 Ohio St.3d 243, 245, 551 N.E.2d 1249 (1990); *Poppa Builders, Inc. v. Campbell*, 118 Ohio App.3d 251, 692 N.E.2d 647 (2d Dist.1997); *Thompson v. Lester*, 10th Dist. Franklin No. 17AP-898, 2018-Ohio-4298. "The rationale behind this general rule is that a reversal of the trial court's judgment, after a full voluntary payment has been made, would not offer any relief to the appellant[.]" *Poppa Builders* at 253, citing *Kelm v. Hess*, 8 Ohio App.3d 448, 457 N.E.2d 911 (10th Dist.1983).

{¶ 9} Since there is no dispute concerning the judgment's validity, the issue is whether Taylor voluntarily paid the judgment. Taylor asserts the judgment's satisfaction was not voluntary because it occurred after "her wages [were] garnished, and even then, she was only able to pay the judgment by charging it to [a] credit card. This was a necessary step for [Taylor] as she has limited financial means and simply cannot afford to have her wages garnished." The described situation, though sympathetic, does not support the conclusion that Taylor's satisfaction of the judgment was involuntary.

{¶ 10} Collection efforts, an appellant's financial circumstances, or other economic considerations do not make an appellant's full satisfaction of a judgment involuntary. *Blodgett*; *Poppa Builders* at 254; *Kelm* at paragraph two of the syllabus; *Premier Bank & Trust v. A-2-Z Servs., Inc.*, 10th Dist. Franklin No. 02AP-226, 2002-Ohio-4897, ¶ 9. *Premier Bank* involved a judgment against several individuals including John Wells who filed an appeal. Wells did not obtain a stay of execution, which resulted in the

garnishment of his wages. At this juncture, Wells paid the remaining judgment in full. In response to the mootness issue, Wells asserted that his satisfaction of the judgment was not voluntary because a portion of the judgment was paid through execution and that he paid the remaining judgment "for financial reasons, to avoid further collection actions, for reasons relating to his credit, to avoid the accrual of further post-judgment interest, and to avoid the 'embarrassment' of wage garnishment." *Premier Bank* at ¶ 9. The court's response to this argument was:

> * * * [T]hese reasons do not amount to a showing of lack of voluntariness in the context of satisfying a judgment. No one enjoys having their wages garnished, having more court costs accrue, or having statutory interest of ten percent per annum increase the amount owed. Certainly, a desire to end the adverse consequences of having a judgment pending is understandable. However, * * * Wells's payment of the full remaining amount owed * * * was a voluntary satisfaction of the judgment.

*Id.* We similarly conclude that Taylor's complete satisfaction of the judgment has rendered her appeal moot, and, as such, subject to dismissal.

**{¶ 11}** For the foregoing reasons, Taylor's appeal is dismissed as moot.

. . . . . . . . . . . . .

FROELICH, J. and HALL, J., concur.

Copies sent to:

Steven D. Strain
Jennifer Bock
Hon. James D. Piergies