[Cite as *Townhouses of Catalpa v. Griffith*, 2023-Ohio-2971.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| THE TOWNEHOUSES OF CATALPA PHASE I CONDOMINIUM OWNERS' ASSOCIATION | : | |
| | : | C.A. No. 29683 |
| Appellees | : | Trial Court Case No. 2021 CV 03160 |
| | : | |
| v. | : | (Civil Appeal from Common Pleas Court) |
| | : | |
| GERRY GRIFFITH AKA GERRY E. GRIFFITH, ET AL. | : | |
| Appellant | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on August 25, 2023

. . . . . . . . . . .

GERRY E. GRIFFITH, Pro Se Appellant

MICHELLE L. POLLY-MURPHY, MAGDALENA E. MYERS, & DARCY MEHLING GOOD, Attorneys for Appellees

. . . . . . . . . . . .

LEWIS, J.

{¶ 1} Defendant-Appellant Gerry Griffith appeals from a judgment of the

Montgomery County Court of Common Pleas that granted a motion for summary judgment and entered a decree of foreclosure relating to his condominium unit. While this appeal was pending, Griffith paid the underlying judgment. This action has rendered Griffith's appeal moot. The appeal, accordingly, will be dismissed.

I.      Facts and Course of Proceedings

{¶ 2} On August 4, 2021, Plaintiff-Appellee The Townehouses of Catalpa Phase I Condominium Owners' Association ("the Association") commenced a foreclosure action against Griffith, the Montgomery County Treasurer, and Universal 1 Credit Union. According to the complaint for foreclosure, Griffith owned a condominium unit and owed maintenance fees, common expenses, and assessments. As a result, the Association filed certificates of liens on the property. The Association sought $12,188.26 plus interest pursuant to R.C. 1343.03, as provided in the Declaration of Condominium Ownership, as well as maintenance fees and assessments incurred after the filing of the action, attorney fees, and court costs. The Association requested that all liens on the property be marshaled and the premises be ordered appraised, advertised, and sold according to law.

{¶ 3} Griffith filed an answer in which he admitted that he owned the condominium unit at issue but denied the remainder of the allegations within the complaint. The Association filed a motion for summary judgment, which the trial court denied on May 5, 2022. According to the trial court, the Association had failed in its motion to point to any evidence showing it had a lien on interest, collection costs, attorney fees, enforcement

assessments, or paralegal fees. Further, the trial court found that genuine issues of material fact remained as to the amount Griffith owed the Association.

{¶ 4} On August 19, 2022, the Association filed a renewed motion for summary judgment, which the trial court granted. On November 30, 2022, the trial court entered judgment for the Association in the amount of $19,921.03 plus 3% interest from August 14, 2022, "subject to automatic subsequent adjustments reflecting any additional unpaid interest, administrative late fees, enforcement assessments, collection costs, attorney's fees, paralegal fees, and court costs[.]" The trial court also found that the Association was entitled to foreclose on the property.

{¶ 5} On December 30, 2022, Griffith filed a timely notice of appeal. While the appeal was pending, a sheriff's sale was scheduled for February 24, 2023. On February 15, 2023, Griffith filed a motion to stay the sale. On February 20, 2023, the Association filed a motion to withdraw the sheriff's sale and a motion to vacate the judgment entry and dismiss the case. On February 24, 2023, the trial court issued an order vacating the judgment entry and dismissing the case.

{¶ 6} After receiving several extensions of time, Griffith filed his appellate brief on May 15, 2023. The Association then filed a motion to dismiss the appeal due to mootness and a motion for an extension of time in which to file its appellate brief, pending resolution of its motion to dismiss. According to the Association's motion to dismiss, the issues raised by Griffith in his appeal were moot, because he had failed to stay the trial court's judgment pursuant to Civ.R. 62 and had voluntarily paid the entire judgment amount during the pendency of this appeal.

{¶ 7} On June 14, 2023, we issued an order overruling the Association's motion to dismiss Griffith's appeal. We stated, in part:

> In the instant appeal, the trial court's order vacating the judgment on appeal interferes with this court's ability to adjudicate the appellate issues between the parties. The Association did not request a remand so that this court might relinquish jurisdiction to the trial court. Thus, the trial court's order vacating the judgment on appeal is a nullity. It provides no basis for dismissal.
>
> However, insofar as the Association argues that Griffith's voluntary satisfaction of a valid judgment renders the instant appeal moot, arguments about mootness may be made in the Association's brief and will be decided upon submission of the briefs to a merit panel. Griffith may respond to the Association's mootness arguments in his reply brief.

{¶ 8} The Association then filed its appellate brief in which it raised the mootness argument again and responded to the merits of Griffith's argument on appeal. Griffith did not file a reply brief.

II.    Griffith's Voluntary Payment of the Underlying Judgment Rendered This Appeal Moot

{¶ 9} Since the issue is dispositive, we will confine our analysis to the issue of mootness. Civ.R. 62(B) states the following:

> When an appeal is taken the appellant may obtain a stay of execution

of a judgment or any proceedings to enforce a judgment by giving an adequate supersedeas bond. The bond may be given at or after the time of filing the notice of appeal. The stay is effective when the supersedeas bond is approved by the court.

Thus, an appellant is entitled to a stay of execution of a judgment pending appeal if the appellant posts the supersedeas bond in the amount established by the trial court. *Taylor v. Johnson*, 2d Dist. Montgomery No. 28242, 2019-Ohio-2132, ¶ 7.

{¶ 10} Griffith did not post a supersedeas bond.   Although he filed a February 15, 2023 motion to stay the foreclosure sale, he voluntarily paid the entire judgment before the trial court ruled upon his motion.   "It is a well-established principle of law that a satisfaction of judgment renders an appeal from that judgment moot."   *Blodgett v. Blodgett*, 49 Ohio St.3d 243, 245, 551 N.E.2d 1249 (1990).   "Where the court rendering judgment has jurisdiction of the subject-matter of the action and of the parties, and fraud has not intervened, and the judgment is voluntarily paid and satisfied, such payment puts an end to the controversy, and takes away from the defendant the right to appeal or prosecute error or even to move for vacation of judgment."   *Lynch v. Bd. of Edn. of City School Dist. of City of Lakewood*, 116 Ohio St. 361, 156 N.E. 188 (1927), paragraph three of the syllabus.   "The rationale behind this general rule is that a reversal of the trial court's judgment, after full voluntary payment has been made, would not offer any relief to the appellant[.]"   *Poppa Builders, Inc. v. Campbell*, 118 Ohio App.3d 251, 253, 692 N.E.2d 647 (2d Dist.1997).

{¶ 11} In its appellate brief, the Association notes that Griffith paid the judgment in

full on February 20, 2023. Appellee's Brief, p. 6, citing Appellant's Brief, p. 7. Attached as one of the exhibits to Griffith's appellate brief is a copy of a February 17, 2023 check made out for $28,059.27 to "THE TOWNHOUSES OF CATALPA PHASE I CONDOMINIUM OWNERS' ASSOCIATION RE: GERRY E GRIFFITH." Below the copy of the check is a stamp noting that the check was received on February 20, 2023. There is a handwritten note by the stamp that states "Payment in full."

{¶ 12} While Griffith's February 15, 2023 motion to stay the foreclosure sale and the February 17, 2023 check were not part of the record transmitted to us on appeal, we have taken judicial notice of the trial court's docket in this case to have a full and complete picture of the mootness issue. *See Pewitt v. Lorain Corr. Inst.*, 64 Ohio St.3d 470, 472, 597 N.E.2d 92 (1992) ("[A]n event that causes a case to become moot may be proved by extrinsic evidence outside the record."). The copy of the check attached to Griffith's appellate brief, along with the Association's representation that the judgment has been paid in full, establish that the underlying judgment was satisfied in full while the appeal was pending before us.

{¶ 13} There is no evidence in the record that Griffith's payment to the Association was not voluntary. While we recognize that Griffith likely felt pressure to pay the judgment rather than risk losing his property, we have previously held that "[c]ollection efforts, an appellant's financial circumstances, or other economic considerations do not make an appellant's full satisfaction of a judgment involuntary." (Citations omitted.) *Johnson*, 2d Dist. Montgomery No. 28242, 2019-Ohio-2132, at ¶ 10. Due to Griffith's voluntary payment of the underlying judgment, we must conclude that his appeal is moot.

III.     Conclusion

**{¶ 14}** Having concluded that Griffith's appeal is moot, we will dismiss the appeal.


. . . . . . . . . . . . .


TUCKER, J. and HUFFMAN, J., concur.