FAVRET CO., APPELLEE, *v.* WEST ET AL., APPELLANTS; WESTBOROUGH VILLAGE, INC., ET AL., APPELLEES.

(No. 9656—Decided January 6, 1970.)

*Messrs. Lucas, Prendergast, Albright, Gibson, Brown & Newman,* and *Mr. Robert E. Albright,* for appellee The Favret Company.

*Mr. John H. Lewis* and *Mr. Fred N. Boynton,* for appellants.

*Messrs. Folkerth, Calhoun, Webster, Maurer & O'-Brien,* for appellees Jay F. Zook, Inc., and Metropolitan Life Insurance Company.

*Mr. C. Howard Johnson,* prosecuting attorney, and *Mr. William W. Holmes,* for appellees Clerk of Courts and Treasurer of Franklin County.

STERN, J. Plaintiff-appellee moves the court for an order dismissing this appeal on questions of law for the reason that the money judgment and court costs rendered in its favor by the Common Pleas Court of Franklin County have been paid in full and, therefore, the question is moot. Defendants-appellees contend that the payment of the judgment and costs in full was not an involuntary

payment and, therefore, the questions raised by the appeal are not moot.

On October 2, 1969, the Common Pleas Court, by entry, rendered judgment against the defendants-appellants. The judgment entry entered a money judgment in favor of plaintiff-appellee against the defendants-appellants and, in addition, provided that, if the judgment and costs were not paid, certain described real property was to be sold by the sheriff as upon execution. On October 9, 1969, plaintiff-appellee issued an order of sale to the clerk of courts directing the sheriff to sell the real property at sheriff's sale. The document shows that the order of sale was received by the sheriff on October 10, 1969, at 4:01 p. m. On November 4, 1969, the defendants-appellants filed their notice of appeal from that judgment and from the order overruling the motion for new trial and final order dated October 20, 1969. On November 6, 1969, a release of judgment was filed by plaintiff-appellee's counsel showing complete satisfaction of the judgment. On the following day (November 7, 1969), counsel for defendants-appellants filed a precipe directing the clerk of courts to file a transcript of the docket entries, etc. On November 25, 1969, the defendants-appellants filed their bill of exceptions.

Defendants-appellants, in opposing this motion, contend that the payment of the judgment was involuntary for the reason that the judgment was paid by a third person and that the document attached to plaintiff-appellee's motion shows that such document is not an agreement between the parties litigant to this suit. The document referred to does not determine for the purposes of this motion whether the payment was voluntarily or involuntarily made. The agreement referred to appears to be between Mara Enterprises, Inc. (not a party to this law suit), and Charles L. West *et al.*, and, therefore, as far as this appeal is concerned, it is not binding as to the issue presented by this motion. Therefore, this contention by defendants-appellants is rejected.

However, there is another factor in this case which, under the law of Ohio, must be considered to determine

whether the payment of the judgment was voluntary. If such payment was voluntarily made, the issue raised by the appeal is moot and the appeal must of necessity be dismissed. However, if the payment was an involuntary one, then the question raised is not moot.

The nub of the issue is the payment of a judgment after an order of sale is issued to publicly sell the judgment debtor's property as upon execution. This rule was first decided in this state in the case of *Mays* v. *Cincinnati* (1853), 1 Ohio St. 268, where it was held:

"To make the payment of an illegal demand involuntary, it must be made to appear that it was made to release * * * property of the party from detention, or to prevent a seizure * * * by the other party having apparent authority to do so without resorting to an action at law."

That rule was followed by *Knox County Bank of Mt. Vernon* v. *Doty* (1859), 9 Ohio St. 505, by a holding that a payment made after an order of sale of property in execution is not a voluntary payment.

This definition of an involuntary payment of a judgment was stated in *Lynch* v. *Board of Education* (1927), 116 Ohio St. 361, at 372, "when a judgment is paid after issuance of an execution, it is not a voluntary payment," and this statement was reaffirmed in *Rauch* v. *Noble, Dir.* (1959), 169 Ohio St. 314.

Therefore, the payment of the judgment made by or on behalf of defendants-appellees after the order of sale of property was issued was an involuntary payment, and, thus, defendants-appellants are not barred from prosecuting claimed error in the judgment rendered in the Common Pleas Court.

The motion to dismiss the appeal filed by plaintiff-appellee is not well taken and is, accordingly, overruled.

*Motion overruled.*

STRAUSBAUGH and LEACH, JJ., concur.