POPPA BUILDERS, INC., Appellee,

v.

CAMPBELL et al., Appellants.

[Cite as *Poppa Builders, Inc. v. Campbell* (1997), 118 Ohio App.3d 251.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 16200.

Decided Feb. 14, 1997.

Klein & Zegarski and Stephen F. Klein, for appellee.

Bogin, Patterson & Bohman and Curtis F. Slaton, for appellants.

*Per Curiam.*

This matter comes before us upon a motion filed by plaintiff-appellee, Poppa Builders, Inc., seeking to dismiss the appeal of defendants-appellants, Mark A. Campbell and Henry A. Campbell, from the judgment of the Common Pleas Court of Montgomery County, Ohio. In its motion, Poppa Builders claims that the Campbells voluntarily paid the trial court's final judgment of $23,833 plus interest in full, thereby rendering the Campbells' appeal moot for want of an actual controversy. Poppa Builders contends that the Campbells should have filed a supersedeas bond to stay the judgment pending this appeal but failed to do so. In their response, the Campbells acknowledge their full payment of the trial court's final judgment, but claim that their appeal is based upon the dismissal of their counterclaim, a separate issue from the matters upon which the trial court rendered judgment. Based upon this distinction, the Campbells suggest that their appeal was not rendered moot as a result of their payment in full of the trial court's final judgment. We disagree.

In order to better address the issue before us, a brief synopsis of the procedural history of this case is necessary. On June 26, 1995, Poppa Builders filed a complaint alleging breach of contract and unjust enrichment relating to the construction of a commercial building and the widening of a road and prayed for damages in the amount of $23,833 plus interest. The Campbells filed their answer and counterclaim alleging breach of contract in that Poppa Builders failed to perform their services in a workmanlike manner, resulting in defects that cost $25,000 to repair. The matter was referred to a magistrate, and a hearing was held January 30, 1996. In its April 12, 1996 decision, the magistrate found that the Campbells met their burden of proof as to their counterclaim and that the

cost of repairs would offset the damages incurred by Poppa Builders. Accordingly, the magistrate found that Poppa Builders' damages of $23,833 should be reduced by the cost to repair the defects in their work, amounting to $12,765, thus resulting in a judgment for Poppa Builders of $11,068 plus interest.

On April 17, 1996, the magistrate issued a supplemental decision overruling Poppa Builders' motion to dismiss the Campbells' counterclaim. The magistrate found that the "cost-of-repair" rule applied to the measure of damages and not the diminution in market value. Both parties filed objections to the magistrate's decisions. On August 30, 1996, the trial court sustained Poppa Builders' objections and found that its motion to dismiss the Campbells' counterclaim should have been granted. The trial court found that the restoration cost was the proper measure of damages and not the cost to repair the defects. The trial court concluded that because the Campbells failed to present evidence of the pre-injury and post-injury market value of the building, they failed to make a *prima facie* case for breach of contract. In addition, the trial court found that Poppa Builders was entitled to an award for prejudgment interest. On September 30, 1996, the trial court entered judgment for Poppa Builders in the amount of $23,833 plus interest and dismissed the Campbells' counterclaim on the merits. On October 24, 1996, the Campbells filed their notice of appeal.

█ Both parties agree to the general principle that voluntary payment in full of a final judgment renders the related appeal moot for want of an actual controversy:

"Where the court rendering judgment has jurisdiction of the subject-matter of the action and of the parties, and fraud has not intervened, and the judgment is voluntarily paid and satisfied, such payment puts an end to the controversy, and takes away from the defendant the right to appeal or prosecute error or even to move for vacation of judgment." *Lynch v. Bd. of Edn. of City School Dist. of Lakewood* (1927), 116 Ohio St. 361, 156 N.E. 188, paragraph three of the syllabus; see *Favret Co. v. West* (1970), 21 Ohio App.2d 38, 40, 50 O.O.2d 56, 57, 254 N.E.2d 709, 710 ("If such payment was voluntarily made, the issue raised by the appeal is moot and the appeal must of necessity be dismissed.").

█ The rationale behind this general rule is that a reversal of the trial court's judgment, after full voluntary payment has been made, would not offer any relief to the appellant:

"Where a final judgment orders the payment of money, and the order is not stayed but instead complied with by voluntary payment of the amount ordered, an appeal from the order will be dismissed as moot since reversal of the order would be ineffectual in affording any relief to the appellant." *Kelm v. Hess* (1983), 8 Ohio App.3d 448, 8 OBR 572, 457 N.E.2d 911.

With respect to voluntariness of payment, there is at least one jurisdiction that applies a liberal interpretation:

"One can easily presume several reasons why a defendant may prefer to pay a judgment rather than seek a stay or await execution. Commercial interest might be cheaper than legal interest. A judgment lien filed in a county attaches to all real property in that county and makes all of it unmarketable, or at least not mortgageable. In these days of the credit crunch, a defendant may prefer to pay a judgment rather than have to answer 'yes' to the standard credit and employment application form question: Do you have outstanding judgments against you? * * *

"* * *

"To be sure, payment of a judgment may constitute proof of mootness or abandonment of the appeal and may be grounds for a motion to dismiss. The motion to dismiss in this case, however, is based on the ground that payment alone results in an automatic dismissal as a matter of law. We hold that it does not, without other proof that payment constitutes a voluntary abandonment, or that payment makes the issue moot." *Fed. Land Bank of Louisville v. Wilcox* (1991), 74 Ohio App.3d 474, 477–478, 599 N.E.2d 348, 349–350.

This liberal interpretation, however, is in the minority and may contradict the Supreme Court of Ohio's view on the matter. See *Hagood v. Gail* (1995), 105 Ohio App.3d 780, 786–788, 664 N.E.2d 1373, 1377–1379. In *Blodgett v. Blodgett* (1990), 49 Ohio St.3d 243, 246, 551 N.E.2d 1249, 1251–1252, the Supreme Court of Ohio held that payment of a final judgment while purportedly under economic duress was involuntary only if the duress was the result of coercion by the other party:

"Considered as a whole, the *Blodgett* decision stands for two basic propositions. First, the case stands for the proposition that a determination as to whether an appellant has voluntarily satisfied a judgment cannot be based upon economic considerations, unless certain actions by the nonappealing party constitute economic duress, *i.e.*, an appellant's failure to obtain a stay cannot be predicated upon her own financial difficulties. Second, the wording of the opinion supports the inference that a finding of involuntariness cannot be based upon the initiation of enforcement proceedings by the nonappealing party, *i.e.*, as used in this context, duress cannot be caused by the enforcement of a legal right." *Hagood*, 105 Ohio App.3d at 789–790, 664 N.E.2d at 1379.

It is with this narrow view of involuntariness that we review the matter before us.

Although a letter attached to Poppa Builders' motion to dismiss suggests that the Campbells were threatened with collection efforts by Poppa Builders to

recover the final judgment amount, we cannot fairly interpret this action as rendering the Campbells' full payment of the final judgment involuntary because Poppa Builders was entitled to enforce its legal right to the money. Further, the Campbells could have filed a supersedeas bond that would have stayed the judgment and forestalled Poppa Builders' collection efforts. See Civ. R. 62(B); cf. *Kelm*, 8 Ohio App.3d at 448, 8 OBR at 573, 457 N.E.2d at 912 ("Since appellant was in a financial position to pay the judgment, she undoubtedly would have been able to give an adequate appeal bond."). Accordingly, the record does not suggest that the Campbells' full payment of the trial court's final judgment was involuntary.

■ With respect to the Campbells' argument that their appeal is based upon the dismissal of their counterclaim—purportedly a separate issue from the matters upon which the trial court rendered its judgment, we conclude that this distinction is erroneous in light of the nature of the claims and counterclaim before the trial court. The Campbells' counterclaim was based on a breach of contract for defective workmanship. The magistrate, when she found in favor of the Campbells on their counterclaim, used their "cost-to-repair" damages to offset any damages awarded to Poppa Builders. Had the trial court adopted the magistrate's decision as written, the Campbells would not have received a separate damage award apart from an offset to the damages awarded to Poppa Builders. In other words, the Campbells' counterclaim was inextricably tied to the trial court's final judgment. A reversal of the trial court's final judgment by this court would not afford any relief to the appellants because the larger judgment amount has already been paid. See *Kelm*, 8 Ohio App.3d at 448, 8 OBR at 572–573, 457 N.E.2d at 911–912. Accordingly, by voluntarily paying the final judgment in full, the Campbells have rendered this appeal moot for want of an actual controversy.

Based on the foregoing, plaintiff-appellee Poppa Builders, Inc.'s motion to dismiss is granted, and defendants-appellants Mark A. Campbell and Henry A. Campbell's appeal is hereby dismissed.

*Appeal dismissed.*

FREDERICK N. YOUNG, P.J., BROGAN and WOLFF, JJ., concur.