DECISION AND JOURNAL ENTRY
Appellants Lorne J. Elbert, Jr., College Green, Inc., Elbert Excavating Co., and Elbert Building Co., Inc., appeal the May 15, 1998 judgment of the Lorain County Court of Common Pleas, in favor of Appellees Paul and Beth LaFarciola, in the amount of $210,410.56.[1]
On October 19, 1998, Appellants filed a motion to stay the execution of the judgment pending appeal and Appellees requested that a bond be set at no less than $300,000 for this purpose. On October 22, the trial court ordered Appellants to either post a supersedeas bond in the amount of $300,000 or, in the alternative, to deposit $300,000 with the Clerk of the Court, pursuant to R.C.2505.11. Either of these acts would stay the execution pending the resolution of the appeal. However, the court by its October 28 judgment entry noted that on October 22, Appellants paid and satisfied the judgment in the amount of $223,035.19, the amount of the original judgment plus ten percent post-judgment interest. Appellees filed a motion to dismiss the instant appeal on the basis that such satisfaction of the judgment renders the instant appeal moot.
We first note that "[i]t is a well-established principle of law that a satisfaction of judgment renders an appeal from that judgment moot. `Where the court rendering judgment has jurisdiction of the subject-matter of the action and of the parties, and fraud has not intervened, and the judgment is voluntarily paid and satisfied, such payment puts an end to the controversy, and takes away from the defendant the right to appeal or prosecute error or even to move for vacation of judgment.'" (Citations omitted.) Blodgett v. Blodgett (1990), 49 Ohio St.3d 243,245.
Appellants point out that the cited principles apply only when the satisfaction of a judgment is voluntary. They do not allege that any fraud was involved in the payment of the judgment, but they do claim that their payment of the judgment was not voluntary. Appellants maintain that Appellees proceeded with the execution of the judgment, and were successful in obtaining orders in execution, thereby garnishing undisbursed loan funds under the control of Appellants' creditor, Northern Savings Loan Company. Through valid garnishment, Appellees achieved the payment of the judgment. Thus, Appellants claim that the judgment satisfaction was not voluntary. We do not agree.
Appellants filed their notice of appeal on June 12, 1998. However, they did not seek a stay of execution pending the appeal until October 19. In the interim, Appellees took appropriate legal steps to execute the valid judgment in their favor.
Other appellate courts have held that under such circumstances the non-appealing party's attachment of an appellant's assets can be deemed to constitute a voluntary satisfaction of judgment where the appellant has failed to move for a stay of execution. See Hagood v. Gail (1995), 105 Ohio App.3d 780,790-791, Fifth Third Bank v. Wallace Group, Inc. (Nov. 2, 1994), Hamilton App. No. C-930699, unreported, citing State exrel. Ocasek v. Riley (1978), 54 Ohio St.2d 488, Poppa Builders,Inc. v. Campbell (1997), 118 Ohio App.3d 251, 254-255. (But, see,Federal Land Bank of Louisville v. Wilcox (1991), 74 Ohio App.3d 474,477-478, for a different result.)
Pursuant to Civ.R. 62(B), an appellant is entitled, as a matter of law, to a stay of execution pending appeal, provided that the appellant posts the supersedeas bond in the amount established by the trial court. Ocasek, 54 Ohio St.2d at 490,Hagood, 105 Ohio App.3d at 785. Thus, "a pending garnishment would not render payment involuntary, in view of appellant's entitlement to a stay of the trial court's judgment as a matter of law, upon giving adequate bond." Id. 788, quoting Ocasek,54 Ohio St. 2d at 490. Once the appellant obtains the stay of execution, neither the trial court nor the non-appealing party is able to enforce the judgment. Hagood, 105 Ohio App.3d at 785.
Appellants herein failed to avail themselves in a timely manner of a "viable legal remedy." Id. at 787. Consequently, Appellees proceeded to assert their legal right to enforce the existing judgment with the assistance of the trial court. Id. at 785. The result was the garnishment of assets, which garnishment Appellants now claim was involuntarily imposed upon them. We do not agree. Rather, we find that by their actions Appellants voluntarily satisfied the judgment of the trial court, rendering their appeal moot.
The instant appeal is moot and is hereby dismissed.
Appeal dismissed.
 KK Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellants.
WILLIAM R. BAIRD
FOR THE COURT WHITMORE, J.
BATCHELDER, J.
CONCUR
[1] The judgment entry notes that there were issues yet to be resolved in the case, but that "there is no just reason for delay" in entering the judgment. Civ.R. 54(B).