[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendants-appellants Philip A. Saunders and Elizabeth A. Saunders ("the Saunderses") appeal the December 2, 1999, judgment entered by the Hamilton County Court of Common Pleas, in favor of appellee Matthew Bodeker in the amount of $5,348,[1] as well as the court's denial of their motion for discharge of an attachment and release of a cash bond.[2] The Saunderses advance twenty-three assignments of error. Finding that this appeal is moot because the judgment has been satisfied, we do not reach the merits of those assignments.
The record reveals that though the Saunderses filed a notice of Rappeal on December 28, 1999, they did not seek a stay of execution and approval of a supersedeas bond until February 3, 2000.[3] The court approved a supersedeas bond in the amount of $11,100 and stated that it would grant the stay once the bond had been posted. To date, the Saunderses have not posted the bond with the court. On January 3, 2000, one month after the entry of judgment, Bodeker initiated proceedings to garnish the cash bond posted by the Saunderses prior to trial in lieu of a mechanic's lien. On February 8, 2000 the trial court ordered the distribution of the bond funds, and thus the judgment was satisfied.
We first recognize that "it is a well-established principle of law that a satisfaction of judgment renders an appeal from that judgment moot. `Where the court rendering judgment has jurisdiction of the subject-matter of the action and of the parties, and fraud has not intervened, and the judgment is voluntarily paid and satisfied, such payment puts an end to the controversy, and takes away from the defendant the right to appeal or prosecute error'[.]"[4]
The Saunderses have maintained that the cited principle is not applicable in the instant case because their payment of the judgment was involuntary. They contend that the supersedeas bond was set at an excessive amount in an attempt to thwart them from appealing the judgment and that the garnishment was not executed properly. We disagree.
Pursuant to Civ.R. 62(B), an appellant is entitled to a stay of execution pending appeal, as a matter of law, provided that the appellant posts a supersedeas bond in the amount specified by the trial court.[5]
Here, the trial court set the bond at $11,100, an amount equal to twice the judgment plus costs and post judgment interest, a common formula in determining the amount of a supersedeas bond. Thus, we hold that the bond was in a reasonable amount. If the Saunderses had posted the bond, a stay would have been granted, and neither the trial court nor Bodeker would have been able to enforce the judgment.[6] Thus, as this court has held previously, "a pending garnishment would not render payment involuntary, in view of appellant's entitlement to a stay of the trial court's judgment as a matter of right, upon giving adequate bond."[7]
Other appellate courts, as well as this court, have held that a judgment is deemed to be voluntarily satisfied by attachment of an appellant's assets where the appellant fails to seek a stay of execution in a timely manner.[8] Here, the Saunderses failed to avail themselves of a viable legal remedy to stay the execution of the judgment. Although the Saunderses filed their appeal on December 28, 1999, they did not apply for a supersedeas bond and seek a stay until February 3, 2000, two months after the entry of judgment. In the interim, Bodeker merely took appropriate legal steps to execute upon the valid judgment in his favor.
The Saunderses also argue that the judgment was involuntary because the clerk of courts did not follow the notice provisions outlined in R.C.2716.13 for a garnishment hearing. If the Saunderses believed that the garnishment proceedings were improperly conducted, that issue should have been raised in the trial court. It is well established that issues not presented for consideration in the trial court will not be entertained by an appellate court.[9] Nevertheless, a review of the record shows that the applicable notice provisions were followed by the clerk of courts, and thus the garnishment proceedings did not render the satisfaction of the judgment involuntary.
The Saunderses had legal vehicles[10] to stay the trial court's judgment, yet chose not to seize those opportunities in a timely fashion. The filing of a notice of appeal does not stay the execution of judgment until a supersedeas bond has been posted. A supersedeas bond was approved by the trial court but never posted by the Saunderses. Thus, a valid stay was not in effect at the time the judgment was satisfied. The instant appeal is dismissed for the reason that the underlying judgment has been voluntarily satisfied and the appeal has, accordingly, been rendered moot.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Sundermann and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.
[1] There were two judgment entries dated December 2, 1999. The first entry awarded $3,248 to Bodeker for damages sustained from a breach of contract, and the second entry awarded $2000 in attorney fees, under Civ.R.11, to Bodeker.
[2] We have consolidated these appeals for the purpose of this decision.
[3] The Saunderses filed a motion to stay execution pending appeal on December 13, 1999 and sought approval for a supersedeas bond in the amount of $3,348. The trial court did not address this motion and the Saunderses, though they had opportunities, never filed subsequent motions in either the trial court or this court, requesting that the trial court rule on their motion.
[4] Blodgett v. Blodgett (1990), 49 Ohio St.3d 243, 245, 551 N.E.2d 1249,1250 (citations omitted).
[5] State ex rel. Ocasek v. Riley (1978), 54 Ohio St.2d 488, 490,377 N.E.2d 792, 793.
[6] See Hagood v. Gail (1995), 105 Ohio App.3d 780, 785, 664 N.E.2d 1373,1376.
[7] Fifth Third Bank v. Wallace Group, Inc. (Nov. 3, 1994), Hamilton App. No. C-930699, unreported (citing Ocasek).
[8] See Fifth Third Bank; Hagood, 105 Ohio App.3d at 790-791,664 N.E.2d at 1379-1379; Spencer v. Kiowa Developing Co., Inc. (Jan. 5, 2000), Summit App. Nos. 19524 and 19532, unreported; Poppa Builders,Inc. v. Campbell (1997), 118 Ohio App.3d 251, 254-255, 692 N.E.2d 647. But, see, Federal Land Bank of Louisville v. Wilcox (1991),74 Ohio App.3d 474, 477-478, 599 N.E.2d 348, for a different result.
[9] Foran v. Fisher Foods, Inc. (1985), 17 Ohio St.3d 193, 194,478 N.E.2d 998, 999.
[10] See Civ.R. 62(B); App.R. 7(B).