DECISION AND JUDGMENT ENTRY
{¶ 1} Natalie K. Robbins ("Mrs. Robbins") appeals the judgment of the Pike County Court of Common Pleas finding that she owed Atlantic Veneer Corp. ("AVC") $250,000 plus: (1) interest at the rate of 8% per annum from February 2, 1995 until July 22, 1998, and (2) interest at the rate of 10% per annum from July 23, 1998 until paid in full. Mrs. Robbins contends that the trial court erred in permitting AVC to recover interest on the $250,000 judgment, rendered in North Carolina, before the time that AVC properly filed the certificate of judgment in Ohio. Additionally, Mrs. Robbins challenges the trial court's award of interest pursuant to the North Carolina statutory rate from the date AVC filed the original action in North Carolina, and the trial court's award of interest pursuant to the Ohio statutory rate for the period of time following AVC's filing of the certificate of judgment in Ohio. Because the record reflects that Mrs. Robbins has paid the judgment in full, we find that her assignments of error are moot. Accordingly, we dismiss her appeal.
 I. {¶ 2} This action is the most recent in a series of related disputes between the parties. "Terry A. Robbins ("Mr. Robbins") embezzled a large sum of money from AVC while AVC employed him in North Carolina and obtained a civil judgment against him in the amount of $500,000. During the course of those proceedings, Mr. Robbins transferred the embezzled funds to his wife, [Mrs. Robbins]. Consequently, in 1995, AVC sued Mrs. Robbins in North Carolina. In June of 1998, AVC obtained a judgment against Mrs. Robbins in the amount of $250,000." Atlantic Veneer Corp. v.Robbins, Pike App. No. 01CA678, 2002-Ohio-5363, at ¶ 2.
 {¶ 3} In July of 1998, AVC filed the Carteret County, North Carolina judgment in Volume 4, Page 178 of the Pike County, Ohio, Judgment Docket. Subsequently, on February 24, 1999, AVC filed a properly certified copy of the Carteret County, North Carolina judgment at Volume 4, Page 208 of the Pike County Judgment Docket. Thereafter, AVC sought to collect its judgment against Mrs. Robbins in Ohio. AVC filed an action in the Pike County Court of Common Pleas, pursuant to the Ohio Uniform Fraudulent Transfer Act, seeking to set aside several fraudulent asset transfers allegedly made by the Robbins, and to subject the property to AVC's judgment liens. The trial court found, in relevant part, that Mr. and Mrs. Robbins had fraudulently transferred their residence, located at 1311 Prosperity Road, Waverly, Ohio, to an irrevocable trust known as the Natalie K. Robbins Irrevocable Trust. Accordingly, the trial court set aside the transfer to the extent necessary to satisfy AVC's judgments. We affirmed the trial court's decision in Atlantic Veneer Corp.v. Robbins, Pike App. No. 01CA678, 2002-Ohio-5363.
 {¶ 4} With the previous action still pending, AVC commenced this action by filing a complaint for foreclosure in the Pike County Court of Common Pleas. Thereafter, AVC filed a motion for summary judgment, alleging that no genuine issues of material fact existed, and requesting that the trial court grant it judgment as a matter of law. The Robbins opposed the motion, arguing that genuine issues of material fact existed as to the ownership of the property, and the amount of money owed on the underlying judgment.
 {¶ 5} On October 1, 2002, the trial court issued a decision granting AVC summary judgment and directing AVC to prepare a final judgment entry reflecting the court's decision. The Robbins filed a request for findings of fact and conclusions of law. Thereafter, on February 11, 2003, the trial court issued a judgment entry, ordering Mrs. Robbins to pay AVC $250,000 "representing the balance of the principal plus accumulated interest through July 23, 1998[,]" plus interest accruing at the rate of 10% per annum from July 24, 1998 until paid in full. The trial court further ordered that Mrs. Robbins pay the amount of the judgment within three days from the date of the entry, or the trial court would cut off her equity of redemption and order the sale of the real estate.
 {¶ 6} The Robbins then filed a motion for order of satisfaction of judgment, requesting the trial court to direct the clerk of courts to accept $367,459.91 as of April 11, 2003 plus $68.49 for each day after April 11, 2003 as satisfaction for the judgment. The Robbins argued that this was the proper interpretation of the trial court's February 11, 2003 judgment entry with regard to the calculation of interest on the principal amount of $250,000. AVC filed a memorandum contra the Robbins' motion, contending that, it should receive legal interest at the rate of 8% pursuant to North Carolina General Statute § 24-1 from the date it commenced the action until the date that it filed the judgment in Ohio, and interest at the rate of 10%, Ohio's statutory rate, from the time it filed the judgment in Ohio until Mrs. Robbins paid the judgment in full.
 {¶ 7} On October 3, 2003, the trial court issued a judgment entry ordering Mrs. Robbins to pay $250,000 plus interest at the rate of 8% per annum from February 2, 1995 until July 22, 1998, and interest at the rate of 10% per annum from July 23, 1998 until she paid the judgment in full. Mrs. Robbins appealed raising the following assignments of error: "I. THE TRIAL COURT ERRED BY PERMITTING APPELLEE TO RECOVER INTEREST ON ITS JUDGMENT FOR THE PERIOD OF TIME PRIOR TO THE PROPER FILING OF THE CERTIFICATE OF JUDGMENT IN OHIO. II. THE TRIAL COURT ERRED BY PERMITTING APPELLEE TO RECOVER INTEREST AT THE RATE OF 8% PER ANUM (sic) FOR THE PERIOD OF TIME FOLLOWING THE FILING OF THE OHIO CERTIFICATE OF JUDGMENT."
 II. {¶ 8} After Mrs. Robbins filed this appeal, the record reflects that she paid the judgment in full. Further, the parties, through their counsel, executed a satisfaction and release of judgment and filed it with the court. As a result, AVC contends that we should dismiss this appeal as moot. In support of its contention, AVC cites the Ohio Supreme Court's decision inBlodgett v. Blodgett (1990), 49 Ohio St.3d 243, 245, wherein the court held: "It is a well-established principle of law that a satisfaction of judgment renders an appeal from that judgment moot. `"Where the court rendering judgment has jurisdiction of the subject-matter of the action and of the parties, and fraud has not intervened, and the judgment is voluntarily paid and satisfied, such payment puts an end to the controversy, and takes away from the defendant the right to appeal or prosecute error or even to move for vacation of judgment."'" (Citations omitted.)
 {¶ 9} In determining whether a party's satisfaction of judgment was voluntary, the Blodgett court looked to the law of economic duress. The court noted, "[a] person who claims to have been a victim of economic duress must show that he or she was subjected to `* * * a wrongful or unlawful act or threat, * * *' and that it `* * * deprive[d] the victim of his unfettered will.' Further, `* * * [m]erely taking advantage of another's financial difficulty is not duress. Rather the person alleging financial difficulty must allege that it was contributed to or caused by the one accused of coercion.'" Blodgett at 246. (Citations omitted.) Accordingly, the Blodgett court declined to accept the proposition that a satisfaction of judgment was involuntary merely because one party felt her own financial considerations compelled her to act.
 {¶ 10} AVC also notes our previous decision in Slovak v.Univ. Off-Campus Housing (May 19, 2000), Athens App. No. 99CA50, wherein we dismissed the appeal as moot because the clerk of courts had already satisfied the judgment by distributing the escrowed funds in accordance with the judgment. In that case, we relied upon the Supreme Court's holding in Blodgett, and further noted that the appellant could have preserved her appeal rights by seeking a stay of execution pending appeal. See Civ.R. 62(B); Hagood v. Gail (1995), 105 Ohio App.3d 780, 790-91, discretionary appeal not allowed (1996), 74 Ohio St.3d 1499.
 {¶ 11} In contrast, Mrs. Robbins argues that the appeal is not moot. She claims that she had no alternative but to satisfy the judgment in order to stop the sale of her real property. She also claims that she filed a motion requesting that the trial court stay the proceedings pending her appeal, and that the trial court effectively denied her motion by failing to rule upon it. Further, Mrs. Robbins points to this court's previous decision inFed. Land Bank of Louisville v. Wilcox (1991),74 Ohio App.3d 474, wherein this court held that mere payment of a judgment, in the absence of other evidence indicating that the appellant intends to abandon an appeal, does not result in an automatic dismissal as a matter of law. In that case, the majority emphasized economic considerations could compel an appellant to pay a contested judgment, rather than seek a stay.
 {¶ 12} However, we note that this court's holding in Fed.Land Bank of Louisville is in the minority, and conflicts with our subsequent holding in Slovak. Furthermore, other jurisdictions have declined to follow our holding in Fed. LandBank of Louisville, concluding that its logic is inconsistent with the Supreme Court's logic in Blodgett. See, Hagood at 788. At least two jurisdictions have noted that this court's liberal interpretation of an involuntary satisfaction of judgment in Fed. Land Bank of Louisville may directly conflict with the Supreme Court's holding in Blodgett. See Poppa Builders, Inc.v. Campbell (1997), 118 Ohio App.3d 251, 254; Gourash v.Gourash (Sept. 2, 1999), Cuyahoga App. Nos. 71882 and 73971.
 {¶ 13} Those courts that have criticized our holding in Fed.Land Bank of Louisville have adopted a more restrictive definition of "involuntary" satisfaction of judgment to include only those situations where a party has been the subject of duress, as defined in Blodgett. See, e.g., Hagood at 790. TheBlodgett court specifically held that "[t]o avoid a contract on the basis of duress, a party must prove coercion by the other party to the contract. It is not enough to show that one assented merely because of difficult circumstances that are not the fault of the other party." Blodgett at syllabus. Further, theBlodgett court noted that in order to demonstrate economic duress, a party must show that the other party made a "wrongful or unlawful act or threat" that deprived him of his free will.Blodgett at 246, citations omitted.
 {¶ 14} Courts adopting the more restrictive definition of "involuntary" have routinely noted that enforcement proceedings cannot constitute duress because, generally, a threat to do what one is legally entitled to do is not improper. See, Hagood at 789-90 ("[T]he wording of the opinion [in Blodgett] supports the inference that a finding of involuntariness cannot be based upon the initiation of enforcement proceedings by the nonappealing party, i.e. as used in this context, duress cannot be caused by the enforcement of a legal right."); PoppaBuilders at 255; Fifth Third Bank v. Wallace Group, Inc. (Nov. 2, 1994), Hamilton App. No. C-930699; Kelm v. Hess (1983),8 Ohio App.3d 448 (holding that a pending garnishment would not render payment of a judgment involuntary.)
 {¶ 15} Furthermore, courts adopting the more restrictive definition of "involuntary" have noted that the appellants could preserve their appellate rights by obtaining a stay of execution pending appeal pursuant to Civ.R. 62(B). Slovak, supra, citingHagood at 790-91. See, also, Poppa, at 255. "Pursuant to Civ.R. 62(B), an appellant is entitled, as a matter of law, to a stay of execution pending appeal, provided that the appellant posts the supersedeas bond in the amount established by the trial court."LaFarciola v. Elbert (Dec. 8, 1999), 9th Dist. No. 98CA007134. Once the appellant obtains the stay of execution, the appellee cannot enforce the judgment. Id. "The lone requirement of Civ.R. 62(B) is the giving of an adequate supersedeas bond."State ex rel. Ocasek v. Riley (1978), 54 Ohio St.2d 488, 489.
 {¶ 16} In her brief, Mrs. Robbins argues that she did not have the financial ability to pay a supersedeas bond. She citesMIF Realty L.P. v. K.E.J. Corp. (May 19, 1995), Wood App. No. 94WD059, for the proposition that an appeal is not moot merely because the judgment was satisfied by the sale of real estate when the appellant lacked the financial means to post a bond to stay the execution. However, that decision relies upon FavretCo. v. West (1970), 21 Ohio App.2d 38 and Lynch v. LakewoodCity School Dist. Bd. of Ed. (1927), 116 Ohio St. 361 for the proposition that when a party pays a judgment after issuance of an execution, the payment is not voluntary. We note that these decisions predate the Supreme Court's decision in Blodgett,
which requires a showing of economic duress to demonstrate that a party involuntarily satisfied the judgment. Furthermore, we note the record contains no evidence tending to demonstrate that Mrs. Robbins lacked the financial ability to post a supercedeas bond to obtain a stay of the proceedings pending appeal.
 {¶ 17} Our review of the relevant caselaw, including the decisions of this court in Fed. Land Bank of Louisville andSlovak, lead us to conclude that our holding in Fed. Land Bankof Louisville does not comport with the Ohio Supreme Court's holding in Blodgett. Accordingly, we elect to follow our decision in Slovak, which holds that satisfaction of a judgment renders an appeal moot where an appellant may preserve her appeal rights by seeking a stay of execution pending appeal.
 {¶ 18} Here, Mrs. Robbins claims that she filed a motion to stay the execution of the trial court's judgment. However, our review of the record reveals that she filed a motion to disqualify plaintiff's counsel and to stay the proceedings while that motion was pending. She filed that motion several months before the trial court issued its judgment. While the trial court did not rule directly upon Mrs. Robbins' motion, we note that it became moot when AVC's counsel voluntarily withdrew on September 16, 2003. The record contains no evidence that Mrs. Robbins sought a stay pursuant to Civ.R. 62(B) after the trial court issued its judgment. Instead, it reflects that, pursuant to the Supreme Court's holding in Blodgett, she voluntarily paid the judgment in full. Accordingly, we find that her appeal is now moot.
Appeal dismissed.
 JUDGMENT ENTRY
It is ordered that the APPEAL BE DISMISSED and that Appellee shall recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pike County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Abele, J. and Harsha, J.: Concur in Judgment and Opinion.