DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, CommuniCare Health Services, Inc., appeals from the judgment of the Summit County Court of Common Pleas. This Court vacates the trial court's judgment.
 I. {¶ 2} This case arises out of Appellant's provision of healthcare services to David and Dorothy Murvine. Appellant manages and operates a nursing home *Page 2 
facility known as Pebble Creek wherein Mr. and Mrs. Murvine resided[1]. On October 5, 2004, Appellant filed suit against Mr. and Mrs. Murvine and their son, Appellee, Gary Murvine[2] (collectively "the Murvines"), asserting breach of contract, account and fraudulent transfer claims. Gary Murvine is the only Appellee on appeal. In its complaint, Appellant sought to collect unpaid sums for healthcare services provided to Mr. and Mrs. Murvine. See Summit Cty. C.P. Case No. 2004-10-5546. At the time Appellant filed the complaint, the Murvines owed $51,496. However, this amount continued to increase as Mr. and Mrs. Murvine remained at Appellant's healthcare facility during the pendency of the suit. The Murvines failed to plead or otherwise respond to Appellant's complaint. On November 22, 2004, Appellant obtained default judgment against the Murvines in the amount of $51,496 plus post-judgment interest and costs.
 {¶ 3} On November 30, 2004, Appellant obtained a judgment lien against all of the Murvines' real property located in Summit County, including the property located at 862 Kling Street in Akron, Ohio ("the house") where Appellee resided. The Murvines failed to satisfy either the judgment or the lien.
 {¶ 4} On January 6, 2005, Appellant sought to exercise its right to foreclose on the real property by filing a foreclosure action in the Summit County *Page 3 
Court of Common Pleas. See CommuniCare Health Services, Inc. v. GaryMurvine, Summit Cty. C.P. Case No. 2005-01-0099. On March 17, 2005, Appellee filed his answer, in which he admitted all the allegations in the foreclosure complaint except one in which he denied that Appellant had a right to foreclose on the house pursuant to its lien.
 {¶ 5} On April 15, 2005, Appellant filed a motion for judgment on the pleadings against Appellee. On April 26, 2005, the trial court granted Appellant judgment on the pleadings in the foreclosure action. The trial court specifically held that "[Gary Murvine does not] object to this judgment."
 {¶ 6} On May 17, 2005, Appellant filed its praecipe for order of sale in the foreclosure action which was subsequently issued to the Summit County Sheriff. The Sheriffs Sale was scheduled for October 14, 2005. On August 26, 2005, Appellee filed his combined motion to dismiss or stay proceedings and compel arbitration and to vacate judgment in the collection action. Appellant timely filed its memorandum in opposition to Appellee's motion. The trial court in the collection action issued its judgment entry on September 26, 2005, wherein it denied Appellee's motion to dismiss, finding that Appellee had disregarded the judicial system and was, therefore, not entitled to relief.
 {¶ 7} On October 13, 2005 Appellee filed a motion requesting that the trial court vacate its September 26, 2005 judgment entry denying his motion to dismiss. *Page 4 
On October 24, 2005, Appellant filed a memorandum in opposition. Thereafter, Appellee filed a Chapter 13 bankruptcy petition, less than two hours before the scheduled foreclosure sale. Appellee's filing of the bankruptcy petition stayed the sale.
 {¶ 8} In December of 2005, Appellee tendered a check to Appellant for $57,292.34. The cover letter accompanying the check stated that this payment was "full payment for the accounts for David Dorothy Murvine with Pebble Creek." Upon Appellant's receipt of the check, it informed Mr. and Mrs. Murvine's counsel that the amount was insufficient to satisfy the full amount owed. On January 19, 2006, Mr. and Mrs. Murvine's counsel sent Appellant a letter informing it that "my client understands the previous offered payment of $57,293.34 is in dispute as full satisfaction. * * * We will pay future verified amounts due." Appellant applied the check to Mr. and Mrs. Murvine's account. Subsequently, Appellee moved the United States Bankruptcy Court for a voluntary dismissal of his Chapter 13 case as liquidation of some of Mr. and Mrs. Murvine's annuities would allow for payment in full of his judgment obligation. Appellee also listed the house for sale.
 {¶ 9} On February 24, 2006, in preparation for the sale of the house, Appellee sent a letter to Appellant regarding release of the judgment lien. On February 27, 2006, Appellant informed Appellee that a balance of $13,416.24 remained due and owing on Mr. and Mrs. Murvine's account. On April 23, 2006, *Page 5 
Real Living Title ("RLT"), Appellee's title company, contacted Appellant. RLT requested a payoff statement for Appellant's lien on Appellee's property so that Appellee could sell the house. On April 24, 2006, Appellant informed RLT that the payoff amount totaled $27,898.09. The payoff statement included the judgment amount, interest, fees and $10,000 in attorney fees.[3] Appellant credited Appellee for $38,079.75 of the $57,292.34 it had received from Appellee to his debt and the balance to Mrs. Murvine's debt.
 {¶ 10} On April 25, 2006, Mr. and Mrs. Murvine's counsel informed Appellant's counsel that the amount of the payoff provided to RLT was unreasonable. Mr. and Mrs. Murvine's counsel demanded that Appellant escrow $13,416.24. Appellant rejected any agreement to have the disputed amount placed in escrow. Appellant informed Appellee that it had applied the $57,292.34 payment "first, to the outstanding debt that had not yet been reduced to judgment, and, second, to the judgment obtained." However, Appellant offered a compromise with respect to its attorneys' fees prior to closing, stating that "[i]n order to expedite resolution of this matter [it was] willing to forego entirely its legitimate claim for attorneys' fees only if in fact [it] received payment in the amount of * * * ($17,898.09) this week." Appellee declined the invitation. *Page 6 
Appellee then proceeded to sell the property. On April 28, 2006, Appellee filed a post-judgment motion seeking a determination of the status of the judgment and requesting a hearing. In his motion, Appellee requested review of the process Appellant used to apply his payment to the trial court's judgment. RLT closed the escrow on the house and tendered a $27,898.09 check to Appellant on May 3, 2006. Appellant accepted the check and on May 4, 2006, filed a notice of satisfaction of judgment. On May 8, 2006, Appellant filed a memorandum in opposition to Appellee's motion for determination of status of judgment and hearing. The trial court held a hearing on the motion on October 18, 2006. On December 5, 2006, the trial court entered an order in which it found that Appellee had overpaid Appellant by $29,212.59. The trial court ordered Appellant to reimburse Appellee for this overpayment.
 {¶ 11} Appellant timely appealed the trial court's order, raising three assignments of error for our review.
 II. ASSIGNMENT OF ERROR I
"THE COURT MUST REVERSE THE ORDER BECAUSE THE TRIAL COURT LACKED SUBJECT MATTER JURISDICTION TO CONSIDER APPELLEE'S MOTION FOR A DETERMINATION OF STATUS OF JUDGMENT AS APPELLEE'S VOLUNTARY PAYMENT OF THE JUDGMENT PROPERLY OWED [APPELLANT] RENDERED ANY SUBSEQUENT MOTION MOOT." *Page 7 
 {¶ 12} In its first assignment of error, Appellant contends that the trial court lacked jurisdiction to consider Appellee's motion for a determination of status of judgment because Appellee's voluntary payment of the judgment rendered any subsequent motion moot. We agree.
 {¶ 13} A trial court's determination of whether it has subject matter and personal jurisdiction over a defendant is a question of law; accordingly, this Court reviews the trial court's assertion of jurisdiction in this matter de novo. State v. Walls (Dec. 11, 2000), 12th Dist. No. CA99-10-174, at *2; Robinson v. Koch Ref. Co. (June 17, 1999), 10th Dist. No. 98AP-900, at *1.
 {¶ 14} Appellant contends that the trial court lacked subject matter jurisdiction to consider Appellee's motion seeking a determination of the status of judgment because Appellee's voluntary payment of the judgment rendered any subsequent motion moot. As a result, Appellant contends that we should reverse the trial court's order finding that Appellee overpaid Appellant. In support of its contention, Appellant cites the Ohio Supreme Court's decision in Blodgett v. Blodgett (1990),49 Ohio St.3d 243, 245, wherein the Court held that
 "[i]t is a well-established principle of law that a satisfaction of judgment renders an appeal from that judgment moot. Where the court rendering judgment has jurisdiction of the subject-matter of the action and of the parties, and fraud has not intervened, and the judgment is voluntarily paid and satisfied, such payment puts an end to the controversy, and takes away from the defendant the right to appeal or prosecute error or even to move for vacation of judgment." (Internal citations and quotations omitted.) *Page 8 
 {¶ 15} In determining whether a party's satisfaction of judgment was voluntary, the Blodgett Court looked to the factor of economic duress. The Court explained that
 "[a] person who claims to have been a victim of economic duress must show that he or she was subjected to `* * * a wrongful or unlawful act or threat, * * *' and that it `* * * deprive[d] the victim of his unfettered will.' Further, `* * * [m]erely taking advantage of another's financial difficulty is not duress. Rather the person alleging financial difficulty must allege that it was contributed to or caused by the one accused of coercion.'" (Internal citations omitted.) Id. at 246.
 {¶ 16} In applying these principles, the Blodgett Court declined to accept the argument that the appellant's satisfaction of judgment was involuntary merely because she felt her own financial considerations compelled her to act. Id. at 246-47. The Court was also persuaded by evidence that the appellant "made her choice with the benefit of the advice of counsel." Id. at 247.
 {¶ 17} Here, the trial court held that Appellee's motion was not moot because the payment made by RLT on behalf of Appellee to Appellant was not voluntary. The trial court based this conclusion on the fact that Appellant was foreclosing on Appellee's house, thus it considered the payment made as a result of a foreclosure not a voluntary payment.
 {¶ 18} Upon review, we find that the trial court erred in finding that Appellee's payment to Appellant was made as a result of Appellant's foreclosure action. The record reflects that Appellant's foreclosure action was stayed when Appellee filed his bankruptcy petition. Appellee later voluntarily dismissed his *Page 9 
bankruptcy petition and sold his home through a real estate agent. Further, at the hearing on Appellee's motion, Appellee's counsel stated that the house was sold "for what was considered by the real estate agent to be a very fair price." The record reflects that Appellee's home was not sold under duress or as a direct result of the foreclosure action.
 {¶ 19} Moreover, even if Appellant had foreclosed on Appellee's home, Appellee's payment would not have been involuntary. Our sister courts have held that a creditor is entitled to enforce its judgment and that such action to enforce judgment does not render subsequent payment involuntary. See Poppa Builders, Inc. v. Campbell (1997),118 Ohio App.3d 251, 254 quoting Hagood v. Gail (1995), 105 Ohio App.3d 780,789-90 ("`the wording of the opinion [in Blodgett] supports the inference that a finding of involuntariness cannot be based upon the initiation of enforcement proceedings by the nonappealing party,i.e., as used in this context, duress cannot be caused by the enforcement of a legal right'").
 {¶ 20} The trial court relied on Favret Co. v. West (1970),21 Ohio App.2d 38, 40, in which the Tenth District Court of Appeals held that the payment of a judgment made after the order of the sale of real property was not a voluntary payment. In its decision, the trial court noted that Favret predates the Ohio Supreme Court's decision inBlodgett wherein the Court held that economic duress must be established to demonstrate that a party involuntarily satisfied a judgment. In decisions after Blodgett, our sister courts have consistently determined that *Page 10 
parties acted voluntarily in satisfying a judgment where the party fails to seek a stay prior to the satisfaction of the judgment. SeeAtlantic Veneer Corp. v. Robbins, 4th Dist. No. 03CA719, 2004-Ohio-3710
(relying on Blodgett and holding that "satisfaction of a judgment renders an appeal moot where an appellant may preserve her appeal rights by seeking a stay of execution pending appeal"); Slovak v. Univ.Off-Campus Housing (May 19, 2000), 4th Dist. No. 99CA50 (relying uponBlodgett and finding that the appellant could have preserved her appeal rights by seeking a stay of execution pending appeal); Hagood v.Gail (1995), 105 Ohio App.3d 780, 790-91 (Eleventh District Court of Appeals' decision discussing and relying on Blodgett and finding that property owner's failure to seek a valid stay order before fully satisfying judgment rendered the appeal of a judgment ordering sale of land moot); Civ.R. 62(B).
 {¶ 21} Although the Tenth District has not expressly overruled its decision in Favret, the Tenth District no longer follows this decision. In Bank One Trust Co., N.A., v. Scherer, 10th Dist. No. 06AP-70, 06AP-71, 2006-Ohio-5097, the Tenth District Court of Appeals held that a satisfaction of a judgment is voluntary where a party could have moved for a stay of execution of judgment but did not. The court further explained that it had relied on reasoning similar to the reasoning of the Fourth District Court of Appeals in Atlantic Veneer Corp., "deeming a satisfaction of judgment voluntary, where a party could have moved for a stay of execution of judgment, but failed to do so." Id. at ¶ 11, citing Grove City v. Clark, *Page 11 
10th Dist. No. 01AP-1369, 2002-Ohio-4549, at ¶ 16; HarbourtownProperties, Inc. v. Citizens Fed. Bank (Nov. 10, 1997), 10th Dist. No. 97APE03-328.
 {¶ 22} We find that the facts before us do not establish that Appellee paid the remaining portion of Appellant's judgment as a result of economic duress. Moreover, Appellee could have moved for a stay of execution of judgment but did not. Accordingly, Appellee's payment concluded the matter in its entirety and Appellee's motion should have been overruled because the issues were rendered moot. The trial court did not consider Appellee's motion until October 18, 2006-five months after Appellee satisfied the judgment. The trial court lacked subject matter jurisdiction to entertain Appellee's motion seeking a determination of the status of judgment. Therefore, the trial court lacked jurisdiction to order Appellant to reimburse Appellee for amounts it claims Appellee overpaid Appellant. Appellant's first assignment of error is sustained.
 ASSIGNMENT OF ERROR II "THE COURT MUST REVERSE THE TRIAL COURT'S ORDER BECAUSE IT IS ARBITRARY, CAPRICIOUS AND CONSTITUTES AN ABUSE OF DISCRETION AS THE TRIAL COURT CONSIDERED FACTS NOT IN EVIDENCE."
 ASSIGNMENT OF ERROR III "THE COURT MUST REVERSE THE ORDER BECAUSE THE TRIAL COURT ERRED WHEN IT FOUND THAT [APPELLANT] SHOULD HAVE APPLIED [APPELLEE'S] PAYMENT TO THE JUDGMENT AMOUNT." *Page 12 
 {¶ 23} In light of our disposition of Appellant's first assignment of error, we need not address Appellant's second and third assignments of error as they are rendered moot.
 III. {¶ 24} Appellant's first assignment of error is sustained. Appellant's second and third assignments of error are moot. The judgment of the Summit County Court of Common Pleas ordering Appellant to reimburse Appellee for amounts it claims Appellee overpaid Appellant is vacated.
Judgment vacated.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this *Page 13 
judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
[1] Mr. Murvine passed away after Appellant commenced this action.
[2] Gary Murvine executed contracts on his parents' behalf for Appellant's provision of healthcare services. In the contractual documents, Gary Murvine was designated as the "Responsible Party/Guarantor".
[3] Our review of the record reveals no legal basis whatsoever for Appellant's demand for $10,000 as attorney fees. Neither the appellate brief nor oral argument provided any reasonable explanation for this demand.