DECISION AND JOURNAL ENTRY
 INTRODUCTION {¶ 1} Tracy Clark sued her former landlord, Mark Baer, because he did not return her security deposit after she moved out. The trial court entered a money judgment in her favor, and Mr. Baer appealed. He did not seek a stay pending appeal, and, at Ms. Clark's request, the trial court attached an account Mr. Baer had at National City Bank and paid her the proceeds. Ms. Clark then filed a Satisfaction of Judgment with the trial court. This Court dismisses Mr. Baer's appeal because satisfaction of the judgment against him has rendered this matter moot. BACKGROUND {¶ 2} Ms. Clark leased a house from Mr. Baer. When she moved out at the end of the lease, according to Mr. Baer, the house needed a lot of work beyond what would be expected from normal wear and tear. Accordingly, he sent Ms. Clark a letter telling her he was going to retain her security deposit and that she owed him an additional $202.94. She then filed this *Page 2 
action in the Small Claims Division of the Akron Municipal Court, and Mr. Baer filed a counterclaim against her.
 {¶ 3} The case was heard by a magistrate who dismissed Mr. Baer's counterclaim and entered judgment for Ms. Clark for $353.48. Ms. Clark objected to the magistrate's decision, and the trial court adopted the magistrate's decision in part, rejected it in part, and entered judgment for Ms. Clark for $603.48, plus costs.
 {¶ 4} Mr. Baer has assigned three errors on appeal. This Court does not reach those assigned errors, however, because this matter is moot.
 SATISFACTION OF JUDGMENT {¶ 5} "It is a well-established principle of law that a satisfaction of judgment renders an appeal from that judgment moot." Blodgett v.Blodgett, 49 Ohio St. 3d 243, 245 (1990). This is true even if the satisfaction resulted from the prevailing party executing on the judgment. "[A] creditor is entitled to enforce its judgment and . . . such action to enforce judgment does not render subsequent payment involuntary." CommuniCare Health Servs. Inc. v. Murvine, 9th Dist. No. 23557, 2007-Ohio-4651, at ¶ 19 (citing Poppa Builders Inc. v.Campbell, 118 Ohio App. 3d 251, 254 (1997)).
 {¶ 6} Neither the garnishment order nor the satisfaction of judgment is in the record before this Court. Mr. Baer, however, included them in the appendix to his appellant's brief. "[A]n event that causes a case to become moot may be proved by extrinsic evidence. . . ." Pewitt v. LorainCorr. Inst, 64 Ohio St. 3d 470, 472 (1992). Accordingly, this Court must dismiss Mr. Baer's appeal because this matter is moot. *Page 3 
 CONCLUSION {¶ 7} Because the judgment in Ms. Clark's favor has been satisfied, this case is moot. Accordingly, Mr. Baer's appeal is dismissed. Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to appellant.
 WHITMORE, J., MOORE, P. J., CONCUR *Page 1