Hines et al., Appellees, *v.* Dudley, Admr., Bureau of Unemployment Compensation et al., Appellants, et al.

[Cite as Hines v. Dudley, Admr., 1 Ohio App. 2d 579.]

(No. 5562—Decided March 17, 1965.)

*Mr. George B. Vasko,* for appellees.

*Mr. William B. Saxbe,* attorney general, and *Mr. Bernard L. Heffernan,* for appellants Willard P. Dudley, Administrator, and the Bureau of Unemployment Compensation.

*Mr. Walter E. deBruin,* for Goodyear Tire & Rubber Company.

DOYLE, J.   This is an appeal from a judgment of the Court of Common Pleas of Summit County which reversed and remanded a decision of the Bureau of Unemployment Compensation denying the claims of several former employees of the Goodyear Tire & Rubber Company for unemployment benefits.

The pertinent provision of the statutes governing the claimants' right to unemployment compensation is incorporated in Section 4141.01(R), Revised Code, and reads as follows:

"* * * Any application for determination of benefit rights made in accordance with Section 4141.28 of the Revised Code is valid if the individual filing such application is unemployed, has been employed by an employer or employers subject to Sections 4141.01 to 4141.46, inclusive, of the Revised Code, *in at least twenty calendar weeks within his base period * * *.*" (Emphasis ours.)

The following facts are before us.

Thirty-two former employees of the Goodyear Tire & Rubber Company filed, under the statutes, applications for the determination of benefit rights for the year beginning April or May, 1963. During this base period, they worked for the Goodyear Tire & Rubber Company either sixteen or seventeen weeks, and then were laid off; whereupon, they received vacation pay under a Union agreement with the company. This vacation pay was calculated on a basis of from three to six weeks.

These facts present the following: If the period of vacation for which the claimants received pay is added to the hours of their work during their base period as noted above, then each claimant would have twenty weeks "within his base period." On the other hand, if the period for which they received vacation pay is not counted, then they would fall short of twenty weeks of employment, and, as a consequence, would not be entitled to unemployment compensation as prescribed by Section 4141.01 (R), Revised Code.

In the Company-Union Contract (Article IX, Section 1 [f]) will be found the following provision:

"Employees entitled to vacation who are laid off, resign with or without notice, or are discharged, before they have taken their vacations shall be entitled to vacation pay at the time of exit. Vacation pay received at time of layoff is in lieu of vacation time off. If the laid off employee is returned to the payroll during the same calendar year, he may be given, upon request, a leave of absence for his vacation time off."

In speaking for the Bureau of Unemployment Compensation, the Attorney General argues that the vacation pay received by the claimants was payment for vacation only and not for any particular weeks of employment.

In analyzing the paragraph in the Company-Union Contract quoted immediately above, the following conclusions may be drawn:

1. As to the first sentence:

Employees entitled to a vacation who are laid off before they have taken their vacation pay, shall be entitled to vacation pay at the time the lay off commences.

2. As to the second sentence:

The phrase "in lieu of" means "instead of" or "in place of." Considering the words in accordance with the rules of

grammar, it appears that no conclusion may be drawn other than that vacation pay shall be credited to the laid off employee, but that vacation time off shall not be credited to the employee.

3. As to the third sentence:

This sentence is incongruous in that under the provisions of the first two sentences in which "vacation pay" is granted but "vacation time off" is not granted, there does not exist, as a matter of record, any "vacation time off" for which a laid off employee returned to the payroll during the same calendar year may be given, upon request, a leave of absence. This provision is repugnant to the provisions contained in the first and second sentences.

For the reasons stated above, this court concludes that the Court of Common Pleas erred, as a matter of law, in its interpretation of the contract, and, in consequence, the judgment must be reversed and the order of the Bureau of Unemployment Compensation approved.

Judgment reversed and case remanded to the Bureau of Unemployment Compensation.

*Judgment reversed.*

BRENNEMAN, J., concurs.
HUNSICKER, J., dissents.