DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Michael Wheeler, appeals the decision of the Summit County Court of Common Pleas, Domestic Relations Division, which modified the February 1, 2002 divorce decree between him and appellee. This Court reverses.
 I. {¶ 2} Appellant and appellee were divorced by decree on February 1, 2002. The decree contained the following provision:
 "In lieu of spousal support, the Defendant shall permit the Plaintiff to remain an employee of J M Laundry for a period of not less than seven years unless, in that seven-year period, Plaintiff finds other employment suitable to her which provides her with health insurance. The Plaintiff has been working at J M Laundry four *Page 2 
shifts per week. Her hours, working conditions and remuneration, both in salary and other benefits, including washing clothes for customers, shall not be significantly changed subject to further order of this Court. During the time that Plaintiff is employed by J M Laundry, said business shall provide Plaintiff with health insurance at least equivalent to that supplied to her in the past. There shall be no significant changes made in the health insurance provided to Plaintiff.
 "The obligation to maintain the Plaintiff as an employee, to provide her with health insurance and to make no significant changes in her remuneration or working conditions shall be subject to further order of this Court. Either party may petition the Court for a modification of Plaintiffs working conditions based upon a significant change in circumstances, but not as to the duration of said seven-year period."
 {¶ 3} In January 2004, appellee became ill and was unable to return to work. Appellant continued to provide appellee with health insurance until May 1, 2006. Appellee maintained coverage through J M Laundry at her own expense through October 2006 when she was no longer eligible for coverage through J M Laundry's health insurance carrier. In July 2002, appellee qualified for social security disability. In July 2006, due to being totally disabled for a period of two years, appellee qualified for Medicare.
 {¶ 4} On May 25, 2006, appellee filed a motion in contempt/motion for modification alleging that appellant had violated the terms of the parties' divorce decree. Appellee subsequently withdrew her motion in contempt and filed an amended motion for modification on September 13, 2006. In her motion, appellee sought (1) reimbursement for the insurance premiums she paid from May 1, 2006, through October 2006, plus interest; (2) arrearages from January 2004; spousal *Page 3 
support in the amount of $500 per month for the duration of the seven-year period set forth in the divorce decree, effective January 2004; and (3) attorneys fees, litigation and discovery expenses. A hearing on appellee's motion for modification was held on November 2, 2006. The trial court issued its decision on November 17, 2006, finding that (1) the court retained jurisdiction over appellee's employment at J M Laundry; (2) the provision in paragraph 14 of the parties' divorce decree was a spousal support provision; (3) that appellee's social security disability benefit is $506 less than the amount she received in wages from J M Laundry, and that appellant was obligated to pay appellee $506 per month until the expiration of the seven-year period provided in the divorce decree. Appellant filed a motion for relief from judgment on December 8, 2006, and timely appealed to this Court on December 15, 2006. In his appeal, appellant presents two assignments of error for review.
 ASSIGNMENT OF ERROR I "THE TRIAL COURT ABUSED ITS DESCRETION WHEN IT ALTERED THE TERMS OF THE PARTIES' DIVORCE DECREE."
 {¶ 5} In appellant's first assignment of error, he challenges the trial court's ability to alter the terms of the parties' divorce decree. Specifically, appellant asserts that the trial court did not have jurisdiction to order him to pay spousal support. This Court agrees. *Page 4 
 {¶ 6} R.C. 3105.18(E)(1) provides, in relevant part:
 "If a continuing order for periodic payments of money as alimony is entered in a divorce or dissolution of marriage action that is determined on or after May 2, 1986, and before January 1, 1991, or if a continuing order for periodic payments of money as spousal support is entered in a divorce or dissolution of marriage action that is determined on or after January 1, 1991, the court that enters the decree of divorce or dissolution of marriage does not have jurisdiction to modify the amount or terms of the alimony or spousal support unless the court determines that the circumstances of either party have changed and unless one of the following applies:
 "In the case of a divorce, the decree or a separation agreement of the parties to the divorce that is incorporated into the decree contains a provision specifically authorizing the court to modify the amount or terms of alimony or spousal support."
 {¶ 7} If a document "is clear and unambiguous, its interpretation is * * * a matter of law, and no issue of fact remains to be determined."Denman v. State Farm Ins. Co., 9th Dist. No. 05CA008744, 2006-Ohio-1308, at ¶ 13. Contract terms are ambiguous "only if they can be reasonably understood in more than one sense." Watkins v. Williams, 9th Dist. No. 22162, 2004-Ohio-7171, at ¶ 24. "If a contract is deemed unambiguous, a court must defer to the express terms of the contract and interpret it according to its plain, ordinary, and common meaning." (Quotations omitted.) Haley v. Hunter, 9th Dist. No. 23027, 2006-Ohio-2975, at ¶ 15. Furthermore, courts may resort to extrinsic evidence of the parties' intent "only where the language is unclear or ambiguous, or where the circumstances surrounding the agreement invest the language of the contract with a special meaning." Metcalfe v. Akron, 9th Dist. No. 23068, 2006-Ohio-4470, at ¶ 18, *Page 5 
quoting Kelly v. Medical Life Ins. Co. (1987), 31 Ohio St.3d 130, 132. In the present matter, the trial court erred in finding that the provision set forth in paragraph 14 of the parties' divorce decree was a spousal support provision. Paragraph 14 states:
 "In lieu of spousal support, the Defendant shall permit the Plaintiff to remain an employee of J M Laundry for a period of not less than seven years unless, in that seven-year period, Plaintiff finds other employment suitable to her which provides her with health insurance."
 {¶ 8} This Court has held that "the phrase `in lieu of means `instead of or `in place of" Hines v. Dudley (1965), 1 Ohio App.2d 579, 581. The plain language of the parties' divorce decree required appellant to allow appellee to remain an employee of J M Laundry for a period of seven years unless she were to find other employment which provided her with health insurance. This obligation was created in place of spousal support. As such, the trial court's retention of jurisdiction over this provision is not an effective method of retaining jurisdiction over spousal support. Accordingly, the divorce decree does not contain a "provision specifically authorizing the court to modify the amount or terms of alimony or spousal support." R.C 3105.18(E)(1). The trial court, therefore, lacked jurisdiction to modify support and erred in its attempt to modify a non-existent spousal support obligation.
 {¶ 9} As it is not before this Court, we take no view on appellee's ability to recover under the above provision. The above quoted provision appears to *Page 6 
reflect a mutually accepted agreement which effectively settled outstanding issues between the parties and created a contractual obligation. In addition, the trial court retained jurisdiction to enforce that agreement. As such, if appellee determines that appellant is in breach of that obligation, a motion to enforce the agreement would be the proper course of action.
 {¶ 10} Appellant's first assignment of error is sustained.
 ASSIGNMENT OF ERROR II "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT AWARDED PLAINTIFF-APPELLEE $506 PER MONTH."
 {¶ 11} Based upon this Court's resolution of appellant's first assignment of error, appellant's second assignment of error is moot and we decline to address it. App.R. 12(A)(1)(c).
 III. {¶ l2} Appellant's first assignment of error is sustained. Appellant's second assignment of error is moot and we decline to address it. The judgment of the Summit County Court of Common Pleas is reversed.
Judgment reversed.
 The Court finds that there were reasonable grounds for this appeal. *Page 7 
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
SLABY, P. J., WHITMORE, J., CONCURS.